

# BELL LEGAL GROUP

RECEIVED

NOV 1 3 2017

GENERAL COUNSEL

November 8, 2017

**CERTIFIED MAIL- 7016 0750 0000 6724 5282**
**RETURN RECEIPT REQUESTED**

Office of General Counsel
South Carolina Department of Corrections
P.O. Box 21787
Columbia, SC 29221

**Re: John State et al. vs. South Carolina Department of Corrections et al.**
    **Case No.:  2017-CP-34-277**
    **File No.:  12808.0001**

Dear Sir/Madam:

Enclosed please find a copy of the Amended Summons and Amended Complaint that we are serving on the following Defendants:

1. South Carolina Department of Corrections
2. Warden Willie Eagleton
3. Associate Warden Annie Sellers
4. Correctional Officer Lt. Ocean
5. Correctional Officer Brown
6. Correctional Officer Davis
7. Correctional Officer Ronnie Evans
8. Correctional Officer Lt. Moultrie
9. Correctional Officer Suggs
10. Correctional Officer Parker
11. Correctional Officer Lt. Miller
12. Correctional Officer Corporal Murphy
13. Correctional Officer Quick
14. Correctional Officer Bostick
15. Correctional Officer Major Charles West
16. Correctional Officer Ocean
17. Correctional Officer Howell

Office of General Counsel
South Carolina Department of Corrections
November 8, 2017
Page – 2 –

      18. Correctional Officer Miles
      19. Correctional Officer Davis
      20. Correctional Officer Staton
      21. Correctional Officer Sgt. Lockemy

Enclosed please find an Acceptance of Service for each Defendant.  Please sign
the Acceptances of Service and return to our office.  Please contact my office
should you have any questions or concerns.

With kindest regards I am...

Sincerely,

J. Edward Bell, III
JEBIII/ps

Enclosures

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                        )    FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO      )    CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
                              )
            Plaintiffs, )
                              )
-versus-                      )
                              )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC,                    )
CORRECTIONAL  OFFICER                               )
CORPOREAL MURPHY, individually                      )
and/or in his official capacity as an               )
employee of SCDC, individually and/or in            )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
QUICK, individually and/or in his official          )
capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER BOSTICK,                       )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER MAJOR CHARLES WEST,                         )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER OCEAN, individually and/or in               )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
HOWELL, individually and/or in his                  )
official capacity as an employee of  SCDC,          )
CORRECTIONAL OFFICER MILES,                         )
individually and/or in his official capacity        )
as an employee of SCDC,                             )
CORRECTIONAL OFFICER DAVIS,                         )
individually and/or in his official capacity        )
as an employee of SCDC, CORRECTINAL                 )
OFFICER STATON, individually and/or in              )
his official capacity as an employee of             )
SCDC, and CORRECTIONAL OFFICER                      )
SGT. LOCKEMY, individually and/or in                )
his official capacity as an employee of             )
SCDC,                                               )
                                                    )
                                                    )
          Defendants.                               )
                                                    )
_____            )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to South Carolina Department of

Corrections on this *20th* day of November 2017 at the address P.O. Box 21787,

Columbia, SC 29221 and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_30_ day of November 2017

_Janette R. Etes_
Notary Public for South Carolina
My Commission Expires: **5-16-18**

_Amy L. Jolley_
Signature

Address: 4444 Broad River Rd
Columbia, SC 29210

STATE OF SOUTH CAROLINA                    )    IN THE COURT OF COMMON PLEAS
                                           )    FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO                         )    CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,                 )
JAMES HARDIN, JERRY BRUNSON,               )
JARVIS JETER, KEVIN MICHEAL                )
ANDERSON, MAURICE BURGESS,                 )
STAFFORD KEARSE, JUSTIN ROSE,              )
KEWAYNE LEE, CURTIS SCOTT,                 )
ANTHONY GLENN, MATTHEW                     )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                                )
                                           )
                       Plaintiffs,         )
-versus-                                   )
                                           )
SOUTH CAROLINA DEPARTMENT OF               )
CORRECTIONS, WARDEN WILLIE                 )
EAGLETON, individually and/or in his      )
 Official capacity as warden of Evans      )
Correctional Institution, ASSOCIATE        )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution,  )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of    )
SCDC, CORRECTIONAL OFFICER         )          ACCEPTANCE OF SERVICE
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,           )
CORRECTIONAL OFFICER RONNIE        )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,           )
CORRECTIONAL OFFICER LT.           )
MOULTRIE, individually and/or in his      )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,        )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of    )
SCDC, CORRECTIONAL OFFICER LT.    )
MILLER, individually and/or in his official )

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
   Defendants. )
)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Ronnie Evans on

this 20th day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221

and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_30_ day of November 2017

_Jeff R. Ekta_
Notary Public for South Carolina
My Commission Expires: _May 16, 2018_

_Signature_

Address: _4444 Broad River Rd_
_Columbia, SC 29210_

STATE OF SOUTH CAROLINA )        IN THE COURT OF COMMON PLEAS
                         )        FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO       )        CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,            )
JAMES HARDIN, JERRY BRUNSON,          )
JARVIS JETER, KEVIN MICHEAL           )
ANDERSON, MAURICE BURGESS,            )
STAFFORD KEARSE, JUSTIN ROSE,         )
KEWAYNE LEE, CURTIS SCOTT,            )
ANTHONY GLENN, MATTHEW                )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                           )
                                      )
                 Plaintiffs,          )
                                      )
-versus-                              )
                                      )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE            )
EAGLETON, individually and/or in his  )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE   )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate  )
warden of Evans Correctional Institution,  )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER            )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,      )
CORRECTIONAL OFFICER RONNIE           )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,      )
CORRECTIONAL OFFICER LT.              )
MOULTRIE, individually and/or in his  )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,           )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT.        )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC,                    )
CORRECTIONAL  OFFICER                                )
CORPOREAL MURPHY, individually                      )
and/or in his official capacity as an               )
employee of SCDC, individually and/or in            )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
QUICK, individually and/or in his official          )
capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER BOSTICK,                       )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER MAJOR CHARLES WEST,                         )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER OCEAN, individually and/or in               )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                           )
HOWELL, individually and/or in his                  )
official capacity as an employee of  SCDC,          )
CORRECTIONAL OFFICER MILES,                         )
individually and/or in his official capacity        )
as an employee of SCDC,                             )
CORRECTIONAL OFFICER DAVIS,                         )
individually and/or in his official capacity        )
as an employee of SCDC, CORRECTINAL                 )
OFFICER STATON, individually and/or in              )
his official capacity as an employee of             )
SCDC, and CORRECTIONAL OFFICER                      )
SGT. LOCKEMY, individually and/or in                )
his official capacity as an employee of             )
SCDC,                                               )
                                                    )
                    Defendants.                     )
                                                    )
_____            )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Major Charles

West on this 20th day of November 2017 at the address P.O. Box 21787, Columbia,

SC 29221 and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_20_ day of November 2017


_Jarrett R Ebts_
Notary Public for South Carolina
My Commission Expires: _May 16, 2018_

_Amey D Jolley_
Signature

Address: _4444 Broad River Rd_
_Columbia, SC 29210_

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                        ) FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO      ) CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,            )
JAMES HARDIN, JERRY BRUNSON,          )
JARVIS JETER, KEVIN MICHEAL           )
ANDERSON, MAURICE BURGESS,            )
STAFFORD KEARSE, JUSTIN ROSE,         )
KEWAYNE LEE, CURTIS SCOTT,            )
ANTHONY GLENN, MATTHEW                )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                           )
                                      )
                        Plaintiffs,   )
                                      )
-versus-                              )
                                      )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE            )
EAGLETON, individually and/or in his  )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE   )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution,  )
CORRECTIONAL OFFICER LT. OCEAN, )        **ACCEPTANCE OF SERVICE**
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of    )
SCDC, CORRECTIONAL OFFICER       )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER RONNIE      )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER LT.         )
MOULTRIE, individually and/or in his  )
official capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER SUGGS,      )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL  )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of   )
SCDC, CORRECTIONAL OFFICER LT.  )
MILLER, individually and/or in his official )

capacity as an employee of SCDC,　　　)
CORRECTIONAL OFFICER　　　　)
CORPOREAL MURPHY, individually　)
and/or in his official capacity as an　　)
employee of SCDC, individually and/or in　)
his official capacity as an employee of　)
SCDC, CORRECTIONAL OFFICER　)
QUICK, individually and/or in his official　)
capacity as an employee of SCDC,　　)
CORRECTIONAL OFFICER BOSTICK,　)
individually and/or in his official capacity as)
an employee of SCDC, CORRECTIONAL　)
OFFICER MAJOR CHARLES WEST,　　)
individually and/or in his official capacity as)
an employee of SCDC, CORRECTIONAL　)
OFFICER OCEAN, individually and/or in　)
his official capacity as an employee of　)
SCDC, CORRECTIONAL OFFICER　　)
HOWELL, individually and/or in his　　)
official capacity as an employee of SCDC,　)
CORRECTIONAL OFFICER MILES,　　)
individually and/or in his official capacity　)
as an employee of SCDC,　　　　　)
CORRECTIONAL OFFICER DAVIS,　　)
individually and/or in his official capacity　)
as an employee of SCDC, CORRECTINAL　)
OFFICER STATON, individually and/or in　)
his official capacity as an employee of　)
SCDC, and CORRECTIONAL OFFICER　)
SGT. LOCKEMY, individually and/or in　)
his official capacity as an employee of　)
SCDC,　　　　　　　　　　　)
　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　)
_____　)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Lt. Moultrie on

this 28th day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221

and the receipt of a true copy is hereby acknowledged.

Sworn to before me this

20 day of November 2017

_Janith R Estes_
Notary Public for South Carolina
My Commission Expires: May 16, 2018

Signature

Address: 4444 Broad River Rd
Columbia SC 29210

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTH JUDICIAL CIRCUIT |
| COUNTY OF MARLBORO ) | CASE NO.: 2017-CP-34-277 |

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
                     )
             Plaintiffs, )
                     )
-versus- )
                     )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
         Defendants. )
)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Suggs on this

24th day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
20 day of November 2017

_Jmt R Est_
Notary Public for South Carolina
My Commission Expires: _May 16, 2018_

Signature

Address: _4444 Broad River Rd_
_Columbia, SC 29210_

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                               )    FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO )    CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                    . )
                               )
               Plaintiffs, )
-versus- )
                               )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
                                              )
          Defendants.                         )
                                              )
_____    )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Sgt. Lockemy on

this 20th day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221

and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
20 day of November 2017

_James R Est_
Notary Public for South Carolina
My Commission Expires: _May 16, 2018_

_Amy J Jolley_
Signature

Address: _4444 Broad River Rd_
_Columbia, SC 29210_

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
          ) FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO ) CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
          )
      Plaintiffs, )
-versus- )
          )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
    Defendants. )
)
———————————————— )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Miles on this

20th day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
20 day of November 2017

_James R. Estes_
Notary Public for South Carolina
My Commission Expires: May 16, 2018

Signature

Address: 4444 Broad River Rd
Columbia, SC 29210

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                            ) FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO ) CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
                            )
             Plaintiffs, )
-versus- )
                            )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER  )
CORPOREAL MURPHY, individually  )
and/or in his official capacity as an  )
employee of SCDC, individually and/or in  )
his official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER  )
QUICK, individually and/or in his official  )
capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER BOSTICK,  )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL  )
OFFICER MAJOR CHARLES WEST,  )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL  )
OFFICER OCEAN, individually and/or in  )
his official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER  )
HOWELL, individually and/or in his  )
official capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER MILES,  )
individually and/or in his official capacity  )
as an employee of SCDC,  )
CORRECTIONAL OFFICER DAVIS,  )
individually and/or in his official capacity  )
as an employee of SCDC, CORRECTINAL  )
OFFICER STATON, individually and/or in  )
his official capacity as an employee of  )
SCDC, and CORRECTIONAL OFFICER  )
SGT. LOCKEMY, individually and/or in  )
his official capacity as an employee of  )
SCDC,  )
)
       Defendants.  )
_____  )
)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Warden Willie Eagleton on this _____

day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and the

receipt of a true copy is hereby acknowledged.

Sworn to before me this
____ day of November 2017

_____
Signature

_____

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

_____

Will not accept service —
no longer SCDC employee

STATE OF SOUTH CAROLINA            )        IN THE COURT OF COMMON PLEAS
                                   )        FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO                 )        CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,         )
JAMES HARDIN, JERRY BRUNSON,       )
JARVIS JETER, KEVIN MICHEAL        )
ANDERSON, MAURICE BURGESS,         )
STAFFORD KEARSE, JUSTIN ROSE,      )
KEWAYNE LEE, CURTIS SCOTT,         )
ANTHONY GLENN, MATTHEW             )
FRANKS THOMAS, and CHRISTOPHER     )
MONTGOMERY,                        )
                                   )
                Plaintiffs,        )
                                   )
-versus-                           )
                                   )
                                   )
SOUTH CAROLINA DEPARTMENT OF       )
CORRECTIONS, WARDEN WILLIE         )
EAGLETON, individually and/or in his  )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
        Defendants. )
)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Associate Warden Annie Sellers on

this _____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221

and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

will not accept service—
no longer SCDC
employee

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO      )   CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,          )
JAMES HARDIN, JERRY BRUNSON,        )
JARVIS JETER, KEVIN MICHEAL         )
ANDERSON, MAURICE BURGESS,          )
STAFFORD KEARSE, JUSTIN ROSE,       )
KEWAYNE LEE, CURTIS SCOTT,          )
ANTHONY GLENN, MATTHEW              )
FRANKS THOMAS, and CHRISTOPHER      )
MONTGOMERY,                         )
                                    )
                   Plaintiffs,      )
                                    )
-versus-                            )
                                    )
SOUTH CAROLINA DEPARTMENT OF        )
CORRECTIONS, WARDEN WILLIE          )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually  )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )   **ACCEPTANCE OF SERVICE**
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER          )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER RONNIE         )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER LT.            )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,         )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL   )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT.      )
MILLER, individually and/or in his official )

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
                                        )
            Defendants. )
                                        )
_____ )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Howell on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.



Sworn to before me this
_____ day of November 2017

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

Will not accept-
unable to determine
who C.O. Howell is

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                                 )    FOURTH JUDICIAL CIRCUIT

COUNTY OF MARLBORO )    CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
                                 )
             Plaintiffs, )
-versus- )
                                 )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
       Defendants. )
)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Brown on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Notary Public for South Carolina
My Commission Expires:

_____
Signature

Address: _____

will not
accept service—
unable to determine
identity

STATE OF SOUTH CAROLINA            )        IN THE COURT OF COMMON PLEAS
                                   )        FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO                 )        CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,         )
JAMES HARDIN, JERRY BRUNSON,       )
JARVIS JETER, KEVIN MICHEAL        )
ANDERSON, MAURICE BURGESS,         )
STAFFORD KEARSE, JUSTIN ROSE,      )
KEWAYNE LEE, CURTIS SCOTT,         )
ANTHONY GLENN, MATTHEW             )
FRANKS THOMAS, and CHRISTOPHER     )
MONTGOMERY,                        )
                                   )
                    Plaintiffs,    )
                                   )
-versus-                           )
                                   )
SOUTH CAROLINA DEPARTMENT OF       )
CORRECTIONS, WARDEN WILLIE         )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
                                                              )
                    Defendants.                   )
                                                              )
_____ )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Lt. Ocean on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
____ day of November 2017

_____
Notary Public for South Carolina
My Commission Expires: _____

Signature

Address:

Can not accept Service - not sure who this is

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
    )    FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO    )    CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,    )
JAMES HARDIN, JERRY BRUNSON,    )
JARVIS JETER, KEVIN MICHEAL    )
ANDERSON, MAURICE BURGESS,    )
STAFFORD KEARSE, JUSTIN ROSE,    )
KEWAYNE LEE, CURTIS SCOTT,    )
ANTHONY GLENN, MATTHEW    )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,    )
    )
          Plaintiffs,    )
    )
-versus-    )
    )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE    )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans    )
Correctional Institution, ASSOCIATE    )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of    )
SCDC, CORRECTIONAL OFFICER    )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER RONNIE    )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER LT.    )
MOULTRIE, individually and/or in his    )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,    )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of    )
SCDC, CORRECTIONAL OFFICER LT.    )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**



capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
                                           )
                Defendants.                )
                                           )
_____ )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Ocean on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Notary Public for South Carolina
My Commission Expires: _____

_____
Signature

Address: _____

_____

Can not accept
Service — can
not determine who
this is

STATE OF SOUTH CAROLINA            )        IN THE COURT OF COMMON PLEAS
                                   )        FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO                 )        CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,         )
JAMES HARDIN, JERRY BRUNSON,       )
JARVIS JETER, KEVIN MICHEAL        )
ANDERSON, MAURICE BURGESS,         )
STAFFORD KEARSE, JUSTIN ROSE,      )
KEWAYNE LEE, CURTIS SCOTT,         )
ANTHONY GLENN, MATTHEW             )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                        )
                                   )
                Plaintiffs,        )
                                   )
    -versus-                       )
                                   )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE         )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER         )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,   )
CORRECTIONAL OFFICER RONNIE        )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,   )
CORRECTIONAL OFFICER LT.           )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,        )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT.     )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**



capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER                                )
CORPOREAL MURPHY, individually                      )
and/or in his official capacity as an               )
employee of SCDC, individually and/or in            )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
QUICK, individually and/or in his official          )
capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER BOSTICK,                       )
individually and/or in his official capacity as)
an employee of SCDC, CORRECTIONAL                   )
OFFICER MAJOR CHARLES WEST,                         )
individually and/or in his official capacity as)
an employee of SCDC, CORRECTIONAL                   )
OFFICER OCEAN, individually and/or in               )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
HOWELL, individually and/or in his                  )
official capacity as an employee of SCDC,           )
CORRECTIONAL OFFICER MILES,                         )
individually and/or in his official capacity        )
as an employee of SCDC,                             )
CORRECTIONAL OFFICER DAVIS,                         )
individually and/or in his official capacity        )
as an employee of SCDC, CORRECTINAL                 )
OFFICER STATON, individually and/or in              )
his official capacity as an employee of             )
SCDC, and CORRECTIONAL OFFICER                      )
SGT. LOCKEMY, individually and/or in                )
his official capacity as an employee of             )
SCDC,                                               )
                                                    )
            Defendants.                             )
                                                    )
_____           )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Davis on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

Notary Public for South Carolina
My Commission Expires: _____

Signature

Address: _____

Will not accept

Service - not sure

who this is

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO ) CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
)
Plaintiffs, )
-versus- )
)
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**



capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER                                )
CORPOREAL MURPHY, individually                      )
and/or in his official capacity as an               )
employee of SCDC, individually and/or in            )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
QUICK, individually and/or in his official          )
capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER BOSTICK,                       )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER MAJOR CHARLES WEST,                         )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER OCEAN, individually and/or in               )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
HOWELL, individually and/or in his                  )
official capacity as an employee of  SCDC,          )
CORRECTIONAL OFFICER MILES,                         )
individually and/or in his official capacity        )
as an employee of SCDC,                             )
CORRECTIONAL OFFICER DAVIS,                         )
individually and/or in his official capacity        )
as an employee of SCDC, CORRECTINAL                 )
OFFICER STATON, individually and/or in              )
his official capacity as an employee of             )
SCDC, and CORRECTIONAL OFFICER                      )
SGT. LOCKEMY, individually and/or in                )
his official capacity as an employee of             )
SCDC,                                               )
                                                    )
                    Defendants.                     )
_____            )

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Quick on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

*will not accept service — not sure who this is*

STATE OF SOUTH CAROLINA       )    IN THE COURT OF COMMON PLEAS
                                   )    FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO           )    CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,    )
JAMES HARDIN, JERRY BRUNSON,  )
JARVIS JETER, KEVIN MICHEAL   )
ANDERSON, MAURICE BURGESS,   )
STAFFORD KEARSE, JUSTIN ROSE,  )
KEWAYNE LEE, CURTIS SCOTT,    )
ANTHONY GLENN, MATTHEW     )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                 )

               Plaintiffs,      )

-versus-                    )

SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE   )
EAGLETON, individually and/or in his  )
 Official capacity as warden of Evans  )
Correctional Institution, ASSOCIATE  )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )      **ACCEPTANCE OF SERVICE**
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER   )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER RONNIE  )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,    )
CORRECTIONAL OFFICER LT.     )
MOULTRIE, individually and/or in his  )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,  )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
        Defendants. )
_____ )



The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Davis on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Notary Public for South Carolina
My Commission Expires:

Signature _____

Address: _____

_____

will not accept
Service - not sure
who this is

STATE OF SOUTH CAROLINA )        IN THE COURT OF COMMON PLEAS
                        )        FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO      )        CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,        )
JAMES HARDIN, JERRY BRUNSON,      )
JARVIS JETER, KEVIN MICHEAL       )
ANDERSON, MAURICE BURGESS,        )
STAFFORD KEARSE, JUSTIN ROSE,     )
KEWAYNE LEE, CURTIS SCOTT,        )
ANTHONY GLENN, MATTHEW            )
FRANKS THOMAS, and CHRISTOPHER    )
MONTGOMERY,                       )
                                  )
                 Plaintiffs,      )
                                  )
-versus-                          )
                                  )
SOUTH CAROLINA DEPARTMENT OF      )
CORRECTIONS, WARDEN WILLIE        )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER        )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER RONNIE       )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER LT.          )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,       )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT.    )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC,                )
CORRECTIONAL OFFICER                            )
CORPOREAL MURPHY, individually                  )
and/or in his official capacity as an           )
employee of SCDC, individually and/or in        )
his official capacity as an employee of         )
SCDC, CORRECTIONAL OFFICER                      )
QUICK, individually and/or in his official      )
capacity as an employee of SCDC,                )
CORRECTIONAL OFFICER BOSTICK,                   )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL               )
OFFICER MAJOR CHARLES WEST,                     )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL               )
OFFICER OCEAN, individually and/or in           )
his official capacity as an employee of         )
SCDC, CORRECTIONAL OFFICER                      )
HOWELL, individually and/or in his              )
official capacity as an employee of SCDC,       )
CORRECTIONAL OFFICER MILES,                     )
individually and/or in his official capacity    )
as an employee of SCDC,                         )
CORRECTIONAL OFFICER DAVIS,                     )
individually and/or in his official capacity    )
as an employee of SCDC, CORRECTINAL             )
OFFICER STATON, individually and/or in          )
his official capacity as an employee of         )
SCDC, and CORRECTIONAL OFFICER                  )
SGT. LOCKEMY, individually and/or in            )
his official capacity as an employee of         )
SCDC,                                           )
                                                )
            Defendants.                         )
_____ )



The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Bostick on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Signature

_____

Notary Public for South Carolina
My Commission Expires: _____

Address: _____

_____

Will not accept service-
uneble to determine
who this is

STATE OF SOUTH CAROLINA          )      IN THE COURT OF COMMON PLEAS
                                 )      FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO               )      CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,       )
JAMES HARDIN, JERRY BRUNSON,     )
JARVIS JETER, KEVIN MICHEAL      )
ANDERSON, MAURICE BURGESS,       )
STAFFORD KEARSE, JUSTIN ROSE,    )
KEWAYNE LEE, CURTIS SCOTT,       )
ANTHONY GLENN, MATTHEW           )
FRANKS THOMAS, and CHRISTOPHER   )
MONTGOMERY,                      )
                                 )
                 Plaintiffs,     )
-versus-                         )
                                 )
SOUTH CAROLINA DEPARTMENT OF     )
CORRECTIONS, WARDEN WILLIE       )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )       **ACCEPTANCE OF SERVICE**
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
             Defendants. )
_____ )



The undersigned counsel, accepts and acknowledges the due personal service of the Amended Summons and Amended Complaint to Correctional Officer Staton on this _____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

will not accept
service — could
not find

STATE OF SOUTH CAROLINA            )        IN THE COURT OF COMMON PLEAS
                                   )        FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO                 )        CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,         )
JAMES HARDIN, JERRY BRUNSON,       )
JARVIS JETER, KEVIN MICHEAL        )
ANDERSON, MAURICE BURGESS,         )
STAFFORD KEARSE, JUSTIN ROSE,      )
KEWAYNE LEE, CURTIS SCOTT,         )
ANTHONY GLENN, MATTHEW             )
FRANKS THOMAS, and CHRISTOPHER     )
MONTGOMERY,                        )
                                   )
                    Plaintiffs,    )
-versus-                           )
                                   )
SOUTH CAROLINA DEPARTMENT OF       )
CORRECTIONS, WARDEN WILLIE         )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER        )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,   )
CORRECTIONAL OFFICER RONNIE        )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,   )
CORRECTIONAL OFFICER LT.          )
MOULTRIE, individually and/or in his )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,       )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT.    )
MILLER, individually and/or in his official )

**ACCEPTANCE OF SERVICE**

capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER                                )
CORPOREAL MURPHY, individually                      )
and/or in his official capacity as an               )
employee of SCDC, individually and/or in            )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
QUICK, individually and/or in his official          )
capacity as an employee of SCDC,                    )
CORRECTIONAL OFFICER BOSTICK,                       )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER MAJOR CHARLES WEST,                         )
individually and/or in his official capacity as     )
an employee of SCDC, CORRECTIONAL                   )
OFFICER OCEAN, individually and/or in               )
his official capacity as an employee of             )
SCDC, CORRECTIONAL OFFICER                          )
HOWELL, individually and/or in his                  )
official capacity as an employee of SCDC,           )
CORRECTIONAL OFFICER MILES,                         )
individually and/or in his official capacity        )
as an employee of SCDC,                             )
CORRECTIONAL OFFICER DAVIS,                         )
individually and/or in his official capacity        )
as an employee of SCDC, CORRECTINAL                 )
OFFICER STATON, individually and/or in              )
his official capacity as an employee of             )
SCDC, and CORRECTIONAL OFFICER                      )
SGT. LOCKEMY, individually and/or in                )
his official capacity as an employee of             )
SCDC,                                               )
                                                    )
            Defendants.                             )
_____                 )



The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Corporal Murphy

on this _____ day of November 2017 at the address P.O. Box 21787, Columbia, SC

29221 and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
____ day of November 2017

_____

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____
_____

will not accept service—
unable to determine
identity

STATE OF SOUTH CAROLINA　　　)　　IN THE COURT OF COMMON PLEAS
　　　　　　　　　　　　　　　)　　FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO　　　　　)　　CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,　　　)
JAMES HARDIN, JERRY BRUNSON,　　)
JARVIS JETER, KEVIN MICHEAL　　　)
ANDERSON, MAURICE BURGESS,　　　)
STAFFORD KEARSE, JUSTIN ROSE,　　)
KEWAYNE LEE, CURTIS SCOTT,　　　)
ANTHONY GLENN, MATTHEW　　　　)
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　)
-versus-　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
SOUTH CAROLINA DEPARTMENT OF　)
CORRECTIONS, WARDEN WILLIE　　)
EAGLETON, individually and/or in his　)
 Official capacity as warden of Evans　　)
Correctional Institution, ASSOCIATE　　)
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )　　**ACCEPTANCE OF SERVICE**
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of　)
SCDC, CORRECTIONAL OFFICER　　　)
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,　　　)
CORRECTIONAL OFFICER RONNIE　　)
EVANS, individually and/or in his official )
capacity as an employee of SCDC,　　　)
CORRECTIONAL OFFICER LT.　　　　)
MOULTRIE, individually and/or in his　)
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,　　)
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of　)
SCDC, CORRECTIONAL OFFICER LT.　)
MILLER, individually and/or in his official )

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
            Defendants.        )
)
_____ )



The undersigned counsel, accepts and acknowledges the due personal service of the Amended Summons and Amended Complaint to Correctional Officer Lt. Miller on this _____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

will not accept
Service- unable
to determine
identity

STATE OF SOUTH CAROLINA                )       IN THE COURT OF COMMON PLEAS
                                       )       FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO                     )       CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK,             )
JAMES HARDIN, JERRY BRUNSON,           )
JARVIS JETER, KEVIN MICHEAL            )
ANDERSON, MAURICE BURGESS,             )
STAFFORD KEARSE, JUSTIN ROSE,          )
KEWAYNE LEE, CURTIS SCOTT,             )
ANTHONY GLENN, MATTHEW                 )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY,                            )
                                       )
                 Plaintiffs,           )
                                       )
-versus-                               )
                                       )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE             )
EAGLETON, individually and/or in his   )
 Official capacity as warden of Evans  )
Correctional Institution, ASSOCIATE    )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )   ACCEPTANCE OF SERVICE
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of       )
SCDC, CORRECTIONAL OFFICER            )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC,       )
CORRECTIONAL OFFICER RONNIE           )
EVANS, individually and/or in his official )
capacity as an employee of SCDC,       )
CORRECTIONAL OFFICER LT.              )
MOULTRIE, individually and/or in his   )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS,           )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of       )
SCDC, CORRECTIONAL OFFICER LT.       )
MILLER, individually and/or in his official )

capacity as an employee of SCDC, )
CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTIONAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
)
          Defendants. )
)

The undersigned counsel, accepts and acknowledges the due personal service of the

Amended Summons and Amended Complaint to Correctional Officer Parker on this

_____ day of November 2017 at the address P.O. Box 21787, Columbia, SC 29221 and

the receipt of a true copy is hereby acknowledged.

Sworn to before me this
_____ day of November 2017

_____
Signature

_____
Notary Public for South Carolina
My Commission Expires: _____

Address: _____

_____

will not accept
service - unable to
identify

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
 )  FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO )  CASE NO.: 2017-CP-34-277

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )
MONTGOMERY, )
 )
-versus- )  **AMENDED SUMMONS**
 )
SOUTH CAROLINA DEPARTMENT OF )
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
official capacity as warden of Evans )
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC,  CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official  capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )
capacity as an employee of SCDC, )

FILED
2017 NOV 1 AM 10 5
ANITA M. WILLIAMS
CLERK OF COURT
MARLBORO COUNTY, S.C.

A CERTIFIED TRUE COPY

Anita M. Williams
CLERK OF COURT
MARLBORO COUNTY

1

CORRECTIONAL OFFICER )
CORPOREAL MURPHY, individually )
and/or in his official capacity as an )
employee of SCDC, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
QUICK, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER BOSTICK, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER MAJOR CHARLES WEST, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER OCEAN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
HOWELL, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER MILES, )
individually and/or in his official capacity )
as an employee of SCDC, )
CORRECTIONAL OFFICER DAVIS, )
individually and/or in his official capacity )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in )
his official capacity as an employee of )
SCDC, and CORRECTIONAL OFFICER )
SGT. LOCKEMY, individually and/or in )
his official capacity as an employee of )
SCDC, )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendants. )
_____ )

TO THE DEFENDANTS ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to make a written Answer to the Complaint in the above captioned action, a copy of which Complaint is herewith served upon you, and to serve a copy of your written Answer to the said Complaint upon the undersigned within thirty (30) days after service hereof, exclusive of the day of such service.

A CERTIFIED TRUE COPY

CLERK OF COURT
MARLBORO COUNTY

2017 NOV 1 AM 10 59
ANITA M. WILLIAMS
CLERK OF COURT
MARLBORO COUNTY, S.C.
FILED

**YOU ARE HEREBY GIVEN NOTICE FURTHER** that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

J. Edward Bell, III
Victoria S. H. Knight
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC 29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com
ATTORNEYS FOR PLAINTIFF

October       , 2017
Georgetown, South Carolina



A CERTIFIED TRUE COPY

CLERK OF COURT
MARLBORO COUNTY

3

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                                       )  FOURTH JUDICIAL CIRCUIT
COUNTY OF MARLBORO )  CASE NO.: 2017-CP-34- ∂ 刁刁

JOHN STATE, DAVID WARRICK, )
JAMES HARDIN, JERRY BRUNSON, )
JARVIS JETER, KEVIN MICHEAL )
ANDERSON, MAURICE BURGESS, )
STAFFORD KEARSE, JUSTIN ROSE, )
KEWAYNE LEE, CURTIS SCOTT, )
ANTHONY GLENN, MATTHEW )
FRANKS THOMAS, and CHRISTOPHER )  **AMENDED COMPLAINT**
MONTGOMERY, )  (Violation of South Carolina Tort Claims
                                       )  Act, S.C Code Section 15-78-10, *et. seq.*,
                                       )  violation of U. S. Code Section 1983;
                          Plaintiffs, )  violation of the Fourth, Eighth, and
-versus- )  Fourteenth Amendments to the United
                                       )  States Constitution; temporary and
SOUTH CAROLINA DEPARTMENT OF )  permanent injunctive relief)
CORRECTIONS, WARDEN WILLIE )
EAGLETON, individually and/or in his )
 Official capacity as warden of Evans )  **JURY TRIAL DEMANDED**
Correctional Institution, ASSOCIATE )
WARDEN ANNIE SELLERS, individually )
and/or in her official capacity as associate )
warden of Evans Correctional Institution, )
CORRECTIONAL OFFICER LT. OCEAN, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER BROWN, individually and/or in )
his official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER )
DAVIS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER RONNIE )
EVANS, individually and/or in his official )
capacity as an employee of SCDC, )
CORRECTIONAL OFFICER LT. )
MOULTRIE, individually and/or in his )
official capacity as an employee of SCDC, )
CORRECTIONAL OFFICER SUGGS, )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL )
OFFICER PARKER, individually and/or in )
His official capacity as an employee of )
SCDC, CORRECTIONAL OFFICER LT. )
MILLER, individually and/or in his official )



A CERTIFIED TRUE COPY

*Anita M. Williams*

CLERK OF COURT
MARLBORO COUNTY

1

capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER  )
CORPOREAL MURPHY, individually  )
and/or in his official capacity as an  )
employee of SCDC, individually and/or in  )
his official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER  )
QUICK, individually and/or in his official  )
capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER BOSTICK,  )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL  )
OFFICER MAJOR CHARLES WEST,  )
individually and/or in his official capacity as )
an employee of SCDC, CORRECTIONAL  )
OFFICER OCEAN, individually and/or in  )
his official capacity as an employee of  )
SCDC, CORRECTIONAL OFFICER  )
HOWELL, individually and/or in his  )
official capacity as an employee of SCDC,  )
CORRECTIONAL OFFICER MILES,  )
individually and/or in his official capacity  )
as an employee of SCDC,  )
CORRECTIONAL OFFICER DAVIS,  )
individually and/or in his official capacity  )
as an employee of SCDC, CORRECTINAL )
OFFICER STATON, individually and/or in  )
his official capacity as an employee of  )
SCDC, and CORRECTIONAL OFFICER  )
SGT. LOCKEMY, individually and/or in  )
his official capacity as an employee of  )
SCDC,  )
                                                                  )
          Defendants.  )
_____)

          The Plaintiffs, complaining of the Defendants, would respectfully show the Court the
following:

## JURISDICTION AND VENUE

          1.     This is an action for relief brought pursuant to the Tort Claims Act of South
Carolina, S.C. Code Section 15-78-10 et seq. (hereinafter referred to as the Tort Claims Act), 42
U.S.C. Section 1983, and the Fifth, Seventh, Eighth and Fourteenth Amendments to the United
States Constitution.   Additionally, Plaintiffs seek temporary and permanent injunctive relief
pursuant Section 15-43-30 of the South Carolina Code of Laws Ann., 1976, as amended, Rule

65(b) of the South Carolina Rules of Civil Procedure, and 42 U.S.C. Section 1983 to require the Defendant SCDC to provide them and others similarly situated a safe and secure housing arrangement with the appropriate policies and procedures and supervision in place and enforced to insure that they are secure and/or free from the threats of harm or death by attacks from other inmates with and/or without the complicity of the administration, staff and/or correctional officers.

2.    Venue is appropriate in this Court as the events complained of occurred in this county.

## PARTIES

3.    Plaintiff John State (hereinafter referred to as "Plaintiff State") is currently a resident of Turbeville Correctional institution in Turbeville, South Carolina but was, at all times relevant hereto, incarcerated at Evans Correctional Institution in the County of Marlboro, State of South Carolina.

4.    Plaintiff David Warrick (hereinafter referred to as "Plaintiff Warrick") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

5.    Plaintiff James Hardin (hereinafter referred to as "Plaintiff Hardin") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

6.    Plaintiff Jerry Brunson (hereinafter referred to as "Plaintiff Brunson") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

7.    Plaintiff Jarvis Jeter (hereinafter referred to as "Plaintiff Jeter") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

8.    Plaintiff Kevin Michael Anderson (hereinafter referred to as "Plaintiff Anderson") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

9.    Plaintiff Maurice Burgess (hereinafter referred to as "Plaintiff Burgess") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

10.    Plaintiff Stafford Kearse (hereinafter referred to as "Plaintiff Kearse") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

11.    Plaintiff Justin Rose (hereinafter referred to as "Plaintiff Rose") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

12.    Plaintiff Kewayne Lee (hereinafter referred to as "Plaintiff Lee") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

13.    Plaintiff Curtis Scott (hereinafter referred to as "Plaintiff Scott") is currently a resident of the County of Jasper, State of South Carolina, but was at all times relevant hereto an inmate housed at Evans Correctional Institution in the County of Marlboro, State of South Carolina.

3

14.     Plaintiff Anthony Glenn (hereinafter referred to as "Plaintiff Glenn") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

15.     Plaintiff Matthew Franks Thomas (hereinafter referred to as "Plaintiff Thomas") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

16.     Plaintiff Christopher Montgomery (hereinafter referred to as "Plaintiff Montgomery") is currently a resident of Evans Correctional Institution in the County of Marlboro, State of South Carolina.

17.     Defendant South Carolina Department of Corrections (hereinafter referred to as "Defendant SCDC") is a "governmental entity" organized and existing under the laws of the State of South Carolina and within the meaning of the South Carolina Tort Claims Act at South Carolina Code Ann. Section 15-78-30(d).

18.     Defendant Willie Eagleton (hereinafter referred to as "Defendant Warden Eagleton" is the warden of Evans Correctional Institution, a subdivision of Defendant SCDC, and, at all times material to the allegations in this Complaint, was acting individually and/or as an agent and/or employee in the course and scope of his official duty with the Defendant SCDC, and was at all times herein charged with the management of all staff regarding hiring, training, promotion, discipline, evaluation and firing; maintaining a safe working environment; monitoring compliance with all state policies and procedures; overseeing prison programs in education, mental health and infirmary; enforcing rules, regulations, policies, and laws regarding incarceration and employee conduct; enforcing policies regarding intake, classification, treatment programs and discipline; maintaining a proper system for the proper care, humane treatment, feeding, clothing, and safety of inmates.

19.     Defendant Annie Sellers (hereinafter referred to as "Defendant AW Sellers" is the associate warden of Evans Correctional Institution, a subdivision of Defendant SCDC, and, at much of the times material to the allegations in this Complaint, was acting individually and/or as an agent and/or employee in the course and scope of his official duty with the Defendant SCDC, and was at all times herein charged with the management of all staff regarding hiring, training, promotion, discipline, evaluation and firing; maintaining a safe working environment; monitoring compliance with all state policies and procedures; overseeing prison programs in education, mental health and infirmary; enforcing rules, regulations, policies, and laws regarding incarceration and employee conduct; enforcing policies regarding intake, classification, treatment programs and discipline; maintaining a proper system for the proper care, humane treatment, feeding, clothing, and safety of inmates.

20.     Upon information and belief, Defendant Correctional Officer Lieutenant Ocean was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

21.     Upon information and belief, Defendant Correctional Officer Brown was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in

4

Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

22.     Upon information and belief, Defendant Correctional Officer Davis was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

23.     Upon information and belief, Defendant Correctional Officer Ronnie Evans was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

24.     Upon information and belief, Defendant Correctional Officer Major Charles West was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

25.     Upon information and belief, Defendant Correctional Officer Lieutenant Moultrie was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

26.     Upon information and belief, Defendant Correctional Officer Suggs was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

27.     Upon information and belief, Defendant Correctional Officer Parker was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

28.     Upon information and belief, Defendant Correctional Officer Lieutenant Miller was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

29.     Upon information and belief, Defendant Correctional Officer Corporal Murphy was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

30.     Upon information and belief, Defendant Correctional Officer Quick was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

31.     Upon information and belief, Defendant Correctional Officer Bostick was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

32.     Upon information and belief, Defendant Correctional Officer Ocean was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

33.     Upon information and belief, Defendant Correctional Officer Miles was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

34.     Upon information and belief, Defendant Correctional Officer Davis was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

35.     Upon information and belief, Defendant Correctional Officer Staton was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

36.     Upon information and belief, Defendant Correctional Officer Howell was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

37.     Upon information and belief, Defendant Correctional Sgt. Lockemy was and, at all times relevant hereto, employed as a correctional officer at Evans Correctional Institution in Bennettsville, South Carolina and was acting individually and/or as an agent and/or employee in the course and scope of his/her official duty with the Defendant SCDC.

## GENERAL FACTS

38.     Upon information and belief, Evans Correctional Institution has a long history of violence among inmates housed in the institution and many times the violence is encouraged and/or condoned by the Defendants as the perpetrators are not punished and many times the violent acts were done after notice and in many instances it appears that Defendants were complicit in the violent acts and/or knew said acts were going to occur and did nothing to prevent the acts.

39.     Upon information and belief, there is a complete failure by the Defendant South Carolina Department of Corrections, Defendant Warden Eagleton, and the named Defendant Correctional Officers to keep weapons out of the hands of inmates housed at Evans Correctional Institution.

6

40.     Upon information and belief, at Evans Correctional Institution, as well as at other institutions, the gangs are basically allowed to run free and commit whatever crimes they want within the institution without fear of punishment and no actions were taken to prevent the violent acts.

41.     Upon information and belief, at Evans Correctional Institution, as well as at other institutions, many of the inmates who commit either institutional offenses and/or crimes punishable in the court system are not punished or charged with any offense.

42.     Upon information and belief, in many instances, correctional officers who violate South Carolina Department of Corrections Policies and Procedures are not disciplined for the violation, and, furthermore, when their actions would constitute a criminal offense they are not charged.

43.     Upon information and belief, Evans Correctional Institution and other SCDC institutions are severely understaffed due to the failure to hire sufficient officers and due to a large number of turnovers; therefore, Evans Correctional Institution frequently operates each day in violation of Defendant SCDC policies and procedures.

44.     Upon information and belief, when injured, inmates at Evans Correctional Institution are either denied medical attention, given substandard medical treatment or the medical treatment is unreasonably delayed.

45.     Upon information and belief, at Evans Correctional Institution, it is a common practice to allow inmates from more than one wing/unit or dorm to go to the cafeteria at the same time and/or to allow inmates from one wing onto another wing; this is a violation of the separation policy(ies) and procedures and permits inmates who are suppose to be kept apart to be together thereby facilitating fights and stabbings.

46.     That the Defendant SCDC, its wardens and correctional officers are either intentionally or through gross negligence complicit with the inmate assailants who prey on other inmates.

47.     Evans Correctional Institution and its wardens and correctional officers' failure to comply with Defendant SCDC policies and procedures, thereby, allowing inmates to be attacked, beaten and stabbed and by failing to take any action to not only prevent the violence but by also failing to provide necessary, adequate and appropriate medical and mental health treatment to the inmates after the violent acts have occurred constitutes a violation of the Plaintiffs' rights in violation of the United States Constitution.

### FACTS

**(As to Plaintiff John State)**

7

48.     On or about August 13, 2017, Plaintiff State was incarcerated at Evans Correctional Institution.

49.     Plaintiff State was returning to his dorm after the evening meal around 5:30 to 6:00 P.M. when he was grabbed by several inmates who were also housed on the same wing who began beating him with a drop cord.

50.     Plaintiff State attempted to get away and get to his room but he was cornered in the hallway on the second floor where he was beaten severely by one of the other inmates while others prevented him from getting away and while one of the inmates recorded the beating on his illegal cell phone.

51.     While he was being beaten, he was told that he had to pay to stay on that wing and he was told to make a call and get the money or he would be killed.

52.     When the beating finally stopped, Plaintiff State was able to get to his room.

53.     At the time of this incident, Defendant Correctional Officer Howell was not on the wing even though he had walked back with the inmates from the wing from the cafeteria; his absence from his assigned post was either intentional with knowledge that a violent act was going to occur or with gross negligence in abandoning his assigned post in violation of Defendant SCDC's policies and procedures.

54.     The hallway where Plaintiff State was beaten is clearly visible from the correctional officers' office on the wing.

55.     Plaintiff State told Correctional Officer Howell and Correctional Officer Cox for two (2) days that he was at risk and needed to be moved; Plaintiff's ex-wife also called the institution and told them that Plaintiff State was being threatened.

56.     On or about August 17, 2017, Plaintiff State was escorted up front to talk with an investigator from the State Inspector General's Office.

57.     Plaintiff State is informed and believes that a video of his beating was posted to Facebook and possibly other sites where it was brought to the attention of someone at SCDC headquarters.

58.     The investigator with the Inspector General's Office, Agent Rodgers, attempted to get Plaintiff State to identify his attackers but Plaintiff State refused because he was afraid for his life if he was labeled a snitch and he pointed out to the investigator that the inmates who attacked him could be identified by the video.

59.     Agent Rodgers then had Plaintiff State signed two (2) documents, one of which purported to interfere with his right to pursue legal action against anyone involved in the incident against him.

60.     After meeting with the investigator, Warden Eagleton called Plaintiff State into his office and told him that he would try to get him moved but couldn't make any promises.

8

61.     Plaintiff State was moved to Turbeville Correctional Institution on that following Thursday where he has already been told by inmates who are members of the same gang as those at Evans Correctional Institution that he is "good if they don't get a word on it".

62.     Plaintiff State remains fearful for his safety and life because he is still in the general population where gang members have access to him if they wanted to attack him again.

63.     Plaintiff State's injuries are a direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers and Defendant Correctional Officer Howell's gross negligence in failing to follow SCDC's policies and procedures.

64.     Plaintiff State's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Howell's individual actions in violating the Plaintiff's constitutional rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff David Warrick)

65.     On or about November 22, 2016, Plaintiff Warrick was housed at Evans Correctional Institution.

66.     Plaintiff Warrick was a member of the Gs gang and was getting out of the gang.

67.     Plaintiff Warrick asked to be moved from the Cherokee dorm because his things were being stolen.  He was moved to the holding cell up front on November 20, 2016 where he met Inmate Hoover who was also from the Cherokee dorm.

68.     Both Plaintiff Warrick and Inmate Hoover were moved into the Kiawah dorm.

69.     Shortly thereafter, a Gerber hawk bill knife was shoved under the cell door and was told to stab his roommate which he refused to do and he shoved the knife back under the door.  Plaintiff Warrick was threatened that he would be stabbed too.

70.     Plaintiff Warrick and his roommate were able to contact operations and spoke with Lieutenant Rose Graves about what had happened and they both requested protective custody.

71.     Both Plaintiff Warrick and his roommate were placed in the holding cell where they spoke with Warden Eagleton and Associate Warden Sellers about protective custody and were told by Warden Eagleton that there was no protective custody on this yard.

72.     Plaintiff Warrick and his roommate remained in the holding cell until night shift came on and they were told that they had to return to their room on Kiawah dorm.

73.     Both Plaintiff Warrick refused to return to the room and dorm where they were being threatened and Defendant Correctional Officer Parker, Defendant Correctional Officer Lt. Miller and Defendant Correctional Officer Corporeal Murphy entered the holding cell, forcibly

grabbed Plaintiff Warrick and his roommate, handcuffed them and beat them and with excessive force took them back to the same room on the Kiawah dorm.

74.    After their abusive treatment by the above-name Defendant Correctional Officers, Plaintiff Warrick and his roommate requested medical attention but their request was denied.

75.    The cell door to the cell was supposed to remain deadlocked but shortly after their breakfast trays were delivered by Defendant Correctional Officer Major West, the cell door was unlocked and two inmates came into his room and began stabbing his roommate and when he attempted to stop them he was also grabbed and stabbed in his shoulder and head.  The attacker left and Plaintiff Warrick's door was locked back.

76.    After kicking on the door for about 30 minutes, the unit manager opened the door and was told what had happened.  Plaintiff Warrick and his roommate were made to write statements and pictures were taken then they were taken to medical for treatment where their wounds were glued shut.

77.    Both Plaintiff Warrick and his roommate were placed back into the holding cell where Associate Warden Sellers came by and made the comment "you should have paid your debts".

78.    Plaintiff Warrick was given a drug test which showed no illegal drugs in his system.

79.    Plaintiff Warrick was interviewed by an investigator with the Inspector General's Office but no charges or punishment was ever given to the inmates who attacked him or to the correctional officer who wrongly opened the room door.

80.    Plaintiff Warrick was placed back onto Cherokee dorm then after much complaining by him he was moved to Cheraw dorm.  The inmates who stabbed him are still at the institution and Plaintiff Warrick lives in fear of losing his life.

81.    Plaintiff Warrick requested mental health treatment after the incident but has not received adequate treatment.

82.    Plaintiff Warrick is informed and believes that the correctional officer who opened his cell door so as to allow his attackers into the cell has been fired from SCDC.

83.    Plaintiff Warrick's injuries were a direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and any the unknown correctional officer's gross negligence in failing to follow SCDC's policies and procedures.

84.    Plaintiff Warrick's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the unknown correctional officer' individual actions in violating the Plaintiff's constitutional rights pursuant to the United States Constitution.

MARLBORO COUNTY

## FACTS

### (As to Plaintiff James Hardin)

85.     On or about August 19, 2016, Plaintiff Hardin was incarcerated at Evans Correctional Institution and was in the cafeteria at his designated time to eat lunch.

86.     Plaintiff Hardin got his food tray and placed it on a table and was going to get something to drink when he was suddenly and without warning stabbed in his face with a homemade knife of some sort by an inmate from another dorm. Plaintiff Hardin attempted to run away.

87.     At the time of the stabbing, there were four (4) correctional officers in the cafeteria and the correctional officer ran from the cafeteria when the fighting started.

88.     No officer attempted to stop the other inmate from attacking him. In fact, there was another fight going on in the cafeteria and another inmate was stabbed in that fight.

89.     Plaintiff Hardin was finally escorted to medical where they took pictures.

90.     Plaintiff Hardin was then taken to Cheraw Hospital where his upper lip was stitched up.

91.     When Plaintiff Hardin returned to Evans Correctional Institution, he was placed in lock-up for thirty (30) and charged for the fight. The charges were dismissed at his DHO hearing because he was the victim.

92.     Plaintiff Hardin requested a mental health appointment because of his inability to sleep without nightmares and/or flashbacks as a result of the attack; a referral was made to mental health but Plaintiff Hardin has not been seen by mental health.

93.     SCDC violated its policies and procedures by allowing two (2) dorms to be in the cafeteria at the same time; had SCDC followed its policies and procedures, the inmate who stabbed Plaintiff Hardin would not have been in the cafeteria with him.

94.     Plaintiff Hardin's injuries are a direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers and the four (4) unknown correctional officers' gross negligence in failing to follow SCDC's policies and procedures.

95.     Plaintiff Hardin's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers and the four (4) unknown correctional officers' individual actions in violating the Plaintiff's constitutional rights pursuant to the United States Constitution.

## FACTS

Auda M. Williams
CLERK OF COURT
MARLBORO COUNTY

### (As to Plaintiff Jerry Brunson)

96.     On or about August 18, 2016, Plaintiff Brunson was housed at Evans Correctional Institution and was in the cafeteria for lunch.

97.     Plaintiff Brunson was sitting down to eat when another inmate came up behind him and began stabbing him.  He attempted to defend himself by fighting with the other inmate.

98.     Defendant Correctional Officer Sergeant Davis was in the cafeteria at the time and just watched the fight for a while before spraying chemical munition at them but it did not stop the attack so he and the other inmate so the fight continued.

99.     After a while, which to Plaintiff Brunson felt like 5 minutes, the other inmate ran out of the cafeteria.

100.     Plaintiff Brunson was taken to medical and examined then transported by EMS to Cheraw Hospital.  He was found to have been stabbed approximately 16 times, including wounds to his head, neck, face, left side and left leg.

101.     The inmate who attacked Plaintiff Brunson had attempted to attack him with a lock-in-a-sock on or about January 18, 2016.  Plaintiff Brunson and the other inmate had had prior problem when they were both housed at Allendale Correctional Institution.

102.     The lock used as a weapon against Plaintiff Brunson had been sold by Defendant SCDC in its canteen located at Evans Correctional Institution to inmates, and even though institutions quit selling the locks due to them being used as weapons, Defendant SCDC failed to take all the locks away from the inmates, leaving them to still be used as weapons.

103.     Plaintiff Brunson is informed and believes that he should not have been housed at the same institution as the inmate who attacked him or at least they should have been separated so as not to encounter each other.

104.     Defendant SCDC, Defendant Warden Eagleton and Defendant Associate Warden Sellers violated SCDC policies and procedures by housing Plaintiff Brunson and his attacker at the same institution and/or allowing inmates from different dorms/wings to be in the cafeteria at the same time.

105.     Plaintiff Brunson received little or no follow-up treatment after his return to the institution from the hospital despite the doctor's instructions from the hospital.

106.     Plaintiff Brunson's injuries were the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Sergeant Davis' gross negligence in failing to follow SCDC's policies and procedures.

107.     Plaintiff Brunson's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Sergeant Davis' individual actions in violating the Plaintiff's constitutional rights pursuant to the United States Constitution.

A CERTIFIED TRUE COPY

Anita M. Williams

CLERK OF COURT
MARLBORO COUNTY

12

## FACTS

### (As to Plaintiff Jarvis Jeter)

108.    On or about December 24, 2016, Plaintiff Jeter was housed at Evans Correctional Institution and was standing by his room on Kiawah Unit, Side A.

109.    The doors to both Side A and Side B were unlocked by Defendant Correctional Officer Brown at the time and had been for several hours but Defendant Correctional Officer Brown was not on the wing in violation of Defendant SCDC's policies and procedures.

110.    Several inmates who he believes were from Side B approached him and surrounded him and someone stabbed him and beat him up, causing him to pass out.

111.    When he came to, Plaintiff Jeter attempted to go to the salley-port to find a correctional officer.  Inmates on his dorm attempted to stop him from reporting his injuries because they didn't want to be locked down but he went on to the salley-port where Correctional Officer Brown was located.

112.    Plaintiff Jeter was then taken to medical where he was seen by the nurse and then transported to McLeod Health Center in Cheraw County where he was treated and received 13 staples.

113.    Plaintiff Jeter was then returned to Evans Correctional Institution where he was placed in RHU (Restrictive Housing Unit) for approximately 16 hours before receiving a mattress.

114.    Thereafter he was placed in protective custody but housed in a room with an inmate who was considered a security threat in violation of SCDC policy and procedure.

115.    Plaintiff Jeter continues to have back pain and flashbacks as a result of the attack on his life.

116.    Plaintiff Jeter has received little or no follow-up medical treatment after his return to the institution from the hospital despite instructions for follow-up by the doctor at the hospital.

117.    Plaintiff Jeter's injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Brown's gross negligence in failing to follow SCDC's policies and procedures.

118.    Plaintiff Jeter's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Brown's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

CLERK OF COURT
MARLBORO COUNTY

13

## FACTS

### (As to Plaintiff Kevin Michael Anderson)

119.    On or about February 16, 2016, Plaintiff Anderson was housed at Evans Correctional Institution.

120.    Plaintiff Anderson was coming out of the shower when he was attacked and stabbed multiple times.

121.    At the time of the incident there was no correctional officer on the wing which is in violation of Defendant SCDC's policies and procedures.

122.    Plaintiff Anderson was seen bleeding by both Sergeant Thomas and CO Hall but neither did anything to help him.

123.    Correctional Officer Hudson came to his room and took him to medical where he was then taken to Cheraw Hospital where he was treated.

124.    When Plaintiff Anderson was returned to Evans Correctional Institution, he was placed in RHU (restrictive housing unit) but his wounds were never cleaned properly; Plaintiff Anderson was not allowed to shower or go to medical.

125.    Plaintiff Anderson still had headaches but has received no further medical care despite complaining of the headaches.

126.    Plaintiff Anderson was then moved to another dorm and placed on the same wing and several doors down from the inmate who attacked him.

127.    Plaintiff Anderson's injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the unnamed correctional officer's gross negligence in failing to follow SCDC's policies and procedures.

128.    Plaintiff Anderson's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the unnamed correctional officer's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Maurice Burgess)

129.    On or about August 19, 2016, Plaintiff Burgess was incarcerated at Evans Correctional Institution and was in the cafeteria.

130.    There were four (4) correctional officers in the cafeteria at the time of the incident but when the incident began, the officers left the cafeteria.

131.    Plaintiff Burgess, along with two (2) other inmates was attacked by a number of other inmates who Plaintiff Burgess believes were from another dorm/wing.

CERTIFIED TRUE COPY

CLERK OF COURT
MARLBORO COUNTY

132.    Plaintiff Burgess is informed and believes that it is a violation of Defendant SCDC's policies and procedures to allow inmates from different dorms/wings to be in the cafeteria at the same time.

133.    Plaintiff Burgess was stabbed approximately twelve (12) times.

134.    Plaintiff Burgess was supposed to be taken to the hospital but instead he was placed in lock-up where he was held for approximately 12 hours before he was taken to the hospital.

135.    While at Cheraw Hospital, the doctor treating Plaintiff Burgess asked why it had then so long to get him to the hospital and the correctional officer who transported him told the doctor that it was because they were short staffed.

136.    Plaintiff Burgess still has pain and problem with his left side as a result of the stabbing.

137.    Plaintiff Burgess has received little or no follow-up medical treatment for his injuries since his return to the institution from the hospital although he has gone to medical and complained about his pain and the nurses have reported that they do not believe him.

138.    Plaintiff Burgess' injuries were the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the four (4) unnamed correctional officers' gross negligence in failing to follow SCDC's policies and procedures.

139.    Plaintiff Burgess' injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the four (4) unnamed correctional officers' individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Stafford Kearse – First Occurrence)

140.    On or about July 6, 2016, Plaintiff Kearse was an inmate housed at Evans Correctional Institution in Waxhaw B-wing.

141.    Plaintiff Kearse went to the bathroom near the correctional officer's desk and when he came out he was jumped by two (2) other inmates who were members of the Crips gang.

142.    Correctional Officer Quick saw the incident and jumped in-between them and stopped the attack. CO Quick commented that he knew something was going to happened.

143.    Plaintiff Kearse was escorted off the wing and a yard officer took him to medical and then he was placed in a holding cell.

144.    Plaintiff Kearse was asked by the lieutenant to write a statement about what happened and to tell who attacked him. He was unable to do so because he is legally blind and

A CERTIFIED TRUE COPY

_Clerk of Court_
CLERK OF COURT
MARLBORO COUNTY

did not see who attacked him but told the lieutenant that CO Quick who stopped the attack should have been able to identify the inmates who attacked the Plaintiff.

145. Plaintiff Kearse was then placed back in the same wing with the two (2) inmates who had attacked him.

146. Although Plaintiff Kearse did not suffer any serious physical harm from the attack, Plaintiff Kearse suffered serious mental distress following the attack because he was returned to the same dorm and being unable to see to protect himself from the attacker.

147. Plaintiff Kearse's injuries were the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Quick's gross negligence in failing to follow SCDC's policies and procedures.

148. Plaintiff Kearse's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Quick's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Stafford Kearse – Second Occurrence)

149. On or about July 9, 2016, Plaintiff Kearse was housed at Evans Correctional Institution in Waxhaw B-wing.

150. On the aforesaid date which was three (3) days after Plaintiff Kearse was returned to the same wing where he had been attacked, he was walking toward the stairs when he was attacked from behind and stabbed in his back and left shoulder. In his attempt to get away, Plaintiff Kearse fell down the stairs.

151. Defendant Correctional Officer Brown who was on duty on the wing did nothing to help him but two (2) other inmates helped him up.

152. Plaintiff Kearse was taken to medical and then transported to Cheraw Hospital where he was treated for his injuries.

153. Plaintiff Kearse received little or no follow-up medical treatment for his injuries after his return to the institution from the hospital except to have his staples removed. Plaintiff Kearse complained about pain to his back and hip from falling.

154. Plaintiff Kearse's injuries were the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Brown's gross negligence in failing to follow SCDC's policies and procedures.

155. Plaintiff Kearse's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Brown's

CERTIFIED TRUE COPY

CLERK OF COURT
MARLBORO COUNTY

individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Stafford Kearse – Third Occurrence)

156.    On or about August 5, 2017, Plaintiff Kearse was incarcerated at Evans Correctional Institution in the Kiawah unit.

157.    Plaintiff Kearse was approached by another inmate and stabbed after Defendant Correctional Officer Sgt. Lockemy left the wing and abandoned his post in violation of Defendant SCDC's policies and procedures.

158.    When Plaintiff Kearse was able to go to medical, he was taken out of the institution to the hospital for medical treatment where he remained for two (2) days.

159.    Plaintiff Kearse was returned to Evans Correctional Institution on August 7, 2017 and then transferred to Kershaw Correctional Institution on August 8, 2017.

160.    Plaintiff Kearse's injuries were the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, and any named Defendant Correctional Officer Sgt. Lockemy's gross negligence in failing to follow SCDC's policies and procedures.

161.    Plaintiff Kearse's injuries are a direct and proximate result of Defendant Warden Eagleton and Defendant Correctional Officer Lockemy's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Justin Rose – First Occurrence)

162.    On or about May 25, 2017, Plaintiff Rose was incarcerated at Evans Correctional Institution in the Kiawah unit.

163.    Plaintiff Rose had been a member of the Folk Nation gang and renounced his membership while at Turbeville Correctional Institution and was stabbed by members of the gang.

164.    When Plaintiff Rose arrived at Evans Correctional Institution, he was housed in the same unit as an inmate who he had problems with at Turbeville Correctional Institution who is a member of the Folk Nation gang.

A CERTIFIED TRUE COPY

165.    Plaintiff Rose and the inmate got into an argument a couple of times and Plaintiff went up front and reported the argument to Defendant Correctional Officer Major West and was put in the holding cell for two (2) days.

CLERK OF COURT

166.    Plaintiff Rose was then placed in Waxsaw unit which is another dorm having trouble; Plaintiff Rose informed Defendant Correctional Officer Major West that he would have problems there in a couple of days when someone with a cell phone called an inmate on that unit and he was told by the major that he could go to Waxhaw or back to Kiawah.

167.    Plaintiff Rose was forced to go back to Waxsaw dorm where he was beat up again within two (2) days and he went back to see Defendant Correctional Officer Major West but the major would not see him.

168.    Plaintiff Rose's injuries were a direct and proximate result Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Major West's gross negligence in failing to follow SCDC's policies and procedures.

169.    Plaintiff Rose's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Major West's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Justin Rose – Second Occurrence)

170.    Plaintiff Rose requested protective custody repeatedly but was denied and put back in Kiawah unit where he basically stayed in his room.

171.    After approximately two (2) months, Plaintiff Rose came out of his room and within a week was jumped and stabbed in front of the correctional officer.

172.    Plaintiff Rose again requested protective custody and was again denied but he was moved to another wing.

173.    Plaintiff Rose lives in fear of losing his life.

174.    Plaintiff Rose's injuries were a direct and proximate result Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the unnamed correctional officer's gross negligence in failing to follow SCDC's policies and procedures.

175.    Plaintiff Rose's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and the unnamed correctional officer's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Justin Rose – Third Occurrence)

176.    On or about July 11, 2017 Plaintiff Rose was told that he was being moved to Cherokee dorm, D wing.

177.    Plaintiff Rose refused to go to that dorm because he had requested to be place in protective custody and he had previously been attacked in Cherokee dorm.

178.    Plaintiff Rose was forced to strip down to only his boxers and he was forcibly carried across the yard in his boxers to Cherokee dorm and placed in a cell.

179.    Defendants Lieutenant Moultrie and Correctional Officer Suggs heard and acknowledged that they heard other inmates say that they were going to beat up Plaintiff Rose.

180.    Despite their hearing the threats directed against Plaintiff Rose, Defendants Lieutenant Moultrie and Correctional Officer Suggs left the Plaintiff in his room with his door unlocked.

181.    Within an hour of being forced into a cell on Cherokee dorm, Plaintiff was assaulted and beaten by other inmates.

182.    Plaintiff Rose was forced to give up his family's contact information and the inmates called his mother and threatened to kill him if she did not pay them $100.00 before July 31, 2017.

183.    At the time of Plaintiff Roses' assault and beating there was no correctional officer on the wing in violation of Defendant SCDC's policies and procedures.

184.    Plaintiff Rose called his mother and is informed and believes that she telephoned the institution and spoke with Major West who told her that there was nothing he could do about the threat of danger to the Plaintiff Rose.

185.    Plaintiff Rose's injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, Defendant Correctional Officer Lt. Moultrie, Defendant Correctional Officer Suggs, and the unnamed correctional officer's gross negligence in failing to follow SCDC's policies and procedures.

186.    Plaintiff Rose's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, Defendant Correctional Officer Lt. Moultrie, Defendant Correctional Officer Suggs, and the unnamed correctional officer's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Justin Rose – Fourth Occurrence)

187.    On or about August 28, 2017, Plaintiff Rose was incarcerated at Evans Correctional Institution and was supposed to be in protective custody.

188.    As an inmate on protective custody, Plaintiff Rose was supposed to be kept separate and apart from other inmates who might be a threat to his safety and was roomed with another inmate who was also on protective custody.

189.    After having had no shower for approximately two (2) weeks, Plaintiff Rose was told that he would be allowed out of his cell to go to the showers and his room door was opened by the correctional officer on duty.

190.    Plaintiff Rose is informed and believes that when an inmate is on protective custody and is let out of his room, all other inmates not on protective custody are supposed to be locked in their rooms.

A CERTIFIED TRUE COPY

191.    When Plaintiff Rose's room door was unlocked by the correctional officer on duty who then left the wing and abandoned his post in violation of Defendant SCDC's policies and procedures, three (3) other inmates charged into the room and were attempting to attack and stab Plaintiff Rose's roommate.

192.    Two of the three inmates who charged into his room then turned on him and began beating Plaintiff Rose.

193.    Plaintiff Rose was told by the inmates who beat him that he was not safe there and that they would be back for him again.

194.    Plaintiff Rose remains in constant fear that he will be attacked and killed.

195.    Plaintiff Rose's injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton and the unnamed correctional officer's gross negligence in failing to follow SCDC's policies and procedures.

196.    Plaintiff Rose's injuries are a direct and proximate result of Defendant Warden Eagleton and the unnamed correctional officer's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Kewayne Lee)

197.    On or about July 15, 2016, Plaintiff Lee was an inmate housed at Evans Correctional Institution and was on his assigned unit, Waxsaw B.

198.    Defendant Correctional Officer Davis was assigned to Plaintiff Lee's wing on that date and had a trainee with him.

199.    On or about the aforesaid date, Plaintiff was stabbed approximately five (5) times in the back by a known gang member.

200.    At the time of the stabbing, Defendant Correctional Officer Davis had left the unit and left the trainee on the wing in violation of Defendant SCDC's policies and procedures.

201.    When Plaintiff Lee was attacked the trainee (Ronnie Evans) ran off the unit and when Plaintiff Lee attempted to also run off the wing to get away from his attacker, the trainee held the door and wouldn't let him off the unit.

202.    Correctional Officer Captain Ford came up behind the trainee and reached over him and opened the door so that Plaintiff Lee could get off the wing.

203.    Plaintiff Lee had to be taken to Cheraw Health Center where he was treated for his stab wounds, one of which caused his lung to collapse.

204.    Plaintiff Lee was hospitalized for four (4) days and was told by the doctor that he not be in general population for at least 10 days because of the risk of collapsing the lung again if hit wrong.

205.    Plaintiff Lee was immediately returned to the general population upon his return to the institution.

206.    Plaintiff Lee went to the warden and asked to be transferred to another institution because he feared for his life and he signed papers for the warden requesting the transfer.

207.    Plaintiff Lee was not transferred and approximately two (2) months later, the inmate who stabbed him was placed in the same unit and side as Plaintiff Lee in violation of Defendant SCDC's policies and procedures.

208.    Plaintiff Lee continues to have numbness in his back as a result of his injuries and lives in constant fear of being attacked again.

209.    Plaintiff Lee received little or no follow-up medical treatment for his injuries after his return to the institution from the hospital; he was prescribed pain medication due to the seriousness of his injuries but was never given any pain medication by medical.

210.    Plaintiff Lee's injuries were the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, Defendant Correctional Officer Davis, and Defendant Correctional Officer Ronnie Evans' gross negligence in failing to follow SCDC's policies and procedures.

211.    Plaintiff Lee's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, Defendant Correctional Officer Davis, and Defendant Correctional Officer Ronnie Evans' individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Curtis Scott)

212.    On or about May 10, 2017, Plaintiff Scott was incarcerated at Evans Correctional Institution and was housed in a unit which was supposed to house only mental health inmates.

213.    Plaintiff Scott was at the time a dorm worker and had gone into the other wing to get his cleaning supplies and when he came back into his wing, he was approached by an inmate who asked him to go to see another inmate in the dorm who was not a mental health patient.

214.    Defendant Correctional Officer Bostick was not on the wing at the time of the incident and there was no other correctional officer on the wing at the time in violation of Defendant SCDC's policies and procedures.

215.    When Plaintiff Scott entered into the inmate's room, the inmate had a knife so he began to back out of the room and was blocked from behind by other inmates.

216.    Plaintiff Scott was stabbed in the back, stomach and right knee by an inmate who was not a mental health inmate and should not have been housed in the same unit.

217.    Plaintiff Scott was afraid for his life so he just went to his room and did not seek medical attention until the next morning and from medical he was sent out to Cheraw Hospital.

21

218.    Plaintiff was then returned back to Evans Correctional Institution where he was placed in lock-up then transferred back into the same dorm and same wing as the inmates who had assaulted him.

219.    Thereafter, prior to his release from Defendant SCDC, Plaintiff was threatened and there were two (2) more attempts on his life while Defendant Correctional Ronnie Evans was on duty.

220.    Plaintiff Scott received little or no follow-up medical treatment for his injuries after his return to the institution from the hospital even though follow-up was ordered by the treating physician at the hospital and requested by him.

221.    Plaintiff Scott's injuries were a direct and proximate result Defendant SCDC, Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Bostick's gross negligence in failing to follow SCDC's policies and procedures.

222.    Plaintiff Scott's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Bostick's individual actions in violating the Plaintiff's constitutional right rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Anthony Glenn)

223.    On or about July 3, 2017, Plaintiff Glenn was housed at Evans Correctional Institution in Waxsaw dorm, B side.

224.    Defendant Correctional Officer Quick came by and unlocked his room door, Plaintiff Glenn asked Co Quick if he wanted to play chess.

225.    While Plaintiff Glenn and Defendant Correctional Officer Quick were playing chess, they heard yelling and CO Quick went to see who was yelling and it was Plaintiff Glenn's roommate.

226.    Plaintiff Glenn had followed CO Quick and his roommate was holding a knife and then ran past CO Quick and stabbed Plaintiff Glenn in the neck.

227.    Defendant Correctional Officer Quick locked the assailant in his room and called the yard correctional officer escorted Plaintiff Glenn to medical where EMS was called and Plaintiff was taken to Cheraw Hospital.

228.    Plaintiff Glenn was returned to Evans Correctional Institution and he is on the yard with the inmate who stabbed him in violation of Defendant SCDC's policies and procedures.

229.    Defendant Correctional Officer Quick has been telling other inmates that Plaintiff Glenn is a snitch and Plaintiff is in constant fear of losing his life.

230.    Plaintiff Glenn is informed and believes that Defendant Correctional Officer Quick was reprimanded because of this incident.

231.    Plaintiff Glenn has received little or no follow-up medical treatment after his return to the institution from the hospital even though he has requested medical.

232.    Plaintiff Glenn's injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Quick's gross negligence in failing to follow SCDC's policies and procedures.

233.    Plaintiff Glenn's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Quick's individual actions in violating the Plaintiff's constitutional rights pursuant to the United States Constitution.

## FACTS

### (As to Plaintiff Matthew Franks Thomas – First Occurrence)

234.    On or about the first week of December 2015, Plaintiff Thomas was transferred to the Cherokee dorm at Evans Correctional Institution.

235.    Within that first week about $100 of Plaintiff Thomas' personal possessions were stolen by others in Cherokee dorm. He was further harassed and felt his personal safety was threatened by several inmates in Cherokee dorm.

236.    Plaintiff told Defendant Ms. Mosby what had happened to him and that he felt threatened and asked to be transferred out of Cherokee dorm. She told him to talk to someone at the dorm where he wanted to move to; Plaintiff did not have a not having a particular dorm in mind, Plaintiff Thomas spoke with Mr. Cotton and asked to be transferred from Cherokee dorm.

237.    Plaintiff Thomas also talked with Correctional Officer Ms. McCray and Correctional Officer Ms. Roberts the theft of his property and the threats to his safety.

238.    On or about January 2, 2016, Plaintiff Thomas returned from the cafeteria and found more of his personal possessions missing from his room and reported the theft to Defendant Correctional Officer Mosby.

239.    On or about January 5, 2016, Plaintiff Thomas collected the rest of his personal belongings from his room in Cherokee dorm and went to a holding cell near administration. He spoke to a couple officers who said they would look into it.

240.    Two days passed and on that Thursday, Plaintiff Thomas told Defendant Assistant Warden Sellers what was going on and she told him that she would move him in exchange for information about what was going on in the Cherokee dorm.

241.    Defendant Associate Warden Sellers had Plaintiff Thomas complete a form seeking protective custody, but later that day told him to go back to Cherokee. A.W. Sellers said, "If you don't go back willingly, I'm going to have my officers cuff you, mace you, and drag you back."

242.    On Friday, January 8, 2016, Plaintiff Thomas was being placed back in Cherokee dorm and Plaintiff Thomas spoke with Defendant Warden Eagleton who agreed to move Plaintiff Thomas and, upon information and belief, did in fact, move Plaintiff out of Cherokee and into Cheraw dorm.

243.    Within thirty minutes of being moved to Cheraw dorm Plaintiff Thomas was informed him that he was getting more back into Cherokee dorm.

244.    When Plaintiff got near the holding cell, a maintenance man let him into the holding cell and Plaintiff Associate Warden Sellers why he was being sent back to Cherokee dorm and she informed him that she had ordered him moved back.

245.    Correctional Officers Miles, Davis and Statan came into the holding cell dressed in riot gear and told Plaintiff Thomas to put his hands behind his back and he complied.  The officer unnecessarily man-handled him, tripped him, sprayed him with chemical munitions and dragged him out of the holding cell door.

246.    Defendant Correctional Officer Statan held Plaintiff Thomas' right eye open for Defendant Correctional Officer Miles to spray chemical munition directly into Plaintiff's eye.

247.    Thereafter, Plaintiff Thomas was taken to medical where his head was held up to the sink and his face forced under the water but he was not allowed to shower or change his uniform to get the rest of the chemical munition off his body.

248.    Plaintiff Thomas' injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, Defendant Correctional Officer Miles, Defendant Correctional Officer Davis, and Defendant Correctional Officer Statan's gross negligence in failing to follow SCDC's policies and procedures.

249.    Plaintiff Thomas' injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, Defendant Correctional Officer Miles, Defendant Correctional Officer Davis, and Defendant Correctional Officer Statan's individual actions in violating the Plaintiff Thomas' constitutional right rights pursuant to the United States Constitution.

<u>FACTS</u>

**(As to Plaintiff Matthew Franks Thomas – Second Occurrence)**

250.    On January 9, 2016, Plaintiff T h o m a s  filed a paper request to Defendant Warden Eagleton via intra-prison mail but received no response.

251.    On February 2, 2016, Plaintiff Thomas was returning to Cherokee dorm from the cafeteria when someone came up behind him, reached over him, and stabbed him in the middle of his chest with a shank.

252.    Plaintiff Thomas fell to the ground but the correctional officers present did not help him; instead another inmate helped him up and took him to medical where he was treated.

253.    Plaintiff Thomas was then taken to lock-up where he received no medical care for his wound for several weeks although he requested medical treatment.

254.    Plaintiff Thomas' injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton and Defendant Associate Warden Sellers' gross negligence in failing to follow SCDC's policies and procedures.

255.    Plaintiff Thomas' injuries are a direct and proximate result of Defendant Warden Eagleton and Defendant Associate Warden Sellers' individual actions in violating the Plaintiff Thomas' constitutional right rights pursuant to the United States Constitution.

<u>FACTS</u>

**(As to Plaintiff Christopher Montgomery)**

256.    On or about July 2, 2017, Plaintiff Montgomery was housed at Evans Correctional Institution in Kiawah dorm, B side.

257.    Plaintiff Montgomery was coming out of the shower area when six (6) inmates jumped him, robbed him and stabbed him approximately fourteen (14) times.

258.    Defendant Correctional Officer Ocean was not on the wing when Plaintiff Montgomery was attacked, having left her post and abandoned her station in violation of Defendant SCDC's policies and procedures.

259.    Plaintiff Montgomery passed out from his wounds and awoke to find himself back in his room two (2) days later with Correctional Officers Brown and Nichols standing in his doorway.

260.    Plaintiff Montgomery was taken to medical where his wounds were cleaned and bandaged but he was told that they could not be stitched because too much time had passed.

A CERTIFIED TRUE COPY

CLERK OF COUR

25

261.    Plaintiff Montgomery was seen by the institution doctor on July 5, 2017 and the doctor ordered that he be taken to Kirkland Correctional Institution for x-rays on his hand and knee but he has never been told any results.

262.    Plaintiff Montgomery was placed in lock-up where he was not allowed to shower for 5 or 6 days and had no dressing changes on his wounds.

263.    Despite Plaintiff Montgomery having been returned to the general population at Evans Correctional Institution but in a different dorm, Plaintiff Montgomery is afraid that his safety and life are at risk.

264.    Plaintiff Montgomery still suffers from pain as a result of the stabbing.

265.    Plaintiff Montgomery's injuries are the direct and proximate result of Defendant SCDC, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Ocean's gross negligence in failing to follow SCDC's policies and procedures.

266.    Plaintiff Montgomery's injuries are a direct and proximate result of Defendant Warden Eagleton, Defendant Associate Warden Sellers, and Defendant Correctional Officer Ocean's individual actions in violating the Plaintiff Thomas' constitutional right rights pursuant to the United States Constitution.

## FOR A FIRST CAUSE OF ACTION

**(For temporary and permanent injunctive relief pursuant Section 15-43-30 of the South Carolina Code of Laws Ann., 1976, as amended, Rule 65(b) of the South Carolina Rules of Civil Procedure, and 42 U.S.C. Section 1983)**

267.    Plaintiffs seek appropriate declaratory and injunctive relief pursuant to Section 15-43-30 of the South Carolina Code of Laws Ann., 1976, as amended, Rule 65(b) of the South Carolina Rules of Civil Procedure, and 42 U.S.C. Section 1983 to redress the Defendants' above described ongoing deliberate indifference, reckless, malicious, wanton and grossly negligence in policies, practices, habits, customs, usages, training and supervision with respect to the rights of the Plaintiffs herein to be secure in their persons, to be properly protected, to receive humane treatment, to be provided necessary and appropriate medical care, to be protected from cruel and unusual punishment, and to be have their lives protected from unprovoked attacks and threats, among other rights of the Plaintiffs.

268.    Injunctive relief is necessary due to the nature of the threats against the Plaintiffs herein shown in that Plaintiffs will suffer irreparable harm if such injunction is not granted in that, as has previously occurred, he is at risk to be attacked and injured and possibly killed. The multitude of incidents of violence against the Plaintiffs as recited herein is a clear and definite indication that without Court intervention by way of injunctive relief the likelihood of repeated incidents will occur and monetary compensation cannot replace the loss of life.

269.    Plaintiffs believe that due to the ongoing policies and practices of the Defendants in failing to protect the Plaintiffs, which policies, procedures, habits, customs, usage, training and supervisor Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction, that immediate injunctive relief is necessary and appropriate.

### FOR A SECOND CAUSE OF ACTION

**(Violation of Civil Rights and 42 USC Section 1983; General Allegations against Defendant Warden Eagleton, Defendant Associate Warden Sellers and all named Defendant correctional officers- being a separate cause of action for each named Plaintiff and each incident set forth herein above)**

270.    Plaintiffs reiterate all the allegations contained above in paragraphs pertaining to the referenced Defendants above as if repeated herein verbatim.

271.    Defendants Warden Eagleton, Associate Warden Sellers, and other employees acted in a negligent, grossly negligent, reckless, willful, wanton, and with a deliberate indifferent manner in causing injury to the Plaintiffs in the following particulars:

a.    In allowing uncontrolled violence in the correctional institution;

b.    In failing to provide protection and security for the Plaintiff;

c.    In failing to properly train officers to respond to attacks such as occurred to the Plaintiff;

d.    In failing to have a sufficient number of trained correctional officers to adequately respond to incidents such as what occurred to Plaintiff;

e.    In employing employees who were contributory to the violence in the prison;

f.    In failing to comply with SCDC policies and procedures regarding correctional officers remaining on their assigned wings until relieved by another correctional officer, and by allowing the said violation to occur without taking corrective action and without punishment to any correctional officer who violates the same;

g.    In allowing inmate to have dangerous weapons;

h.    In failing to conduct sufficient and appropriate inspections of the dorms to prevent inmates from obtaining weapons;

i.    In violating the separation policy by housing the inmates who have had prior problems in the same institutions and/or dorms and/or wings;

j.    In violating the classification policy by placing the inmates who are not properly classified in the same room (cell), dorm or wing;

A CERTIFIED TRUE COPY

Anita M. Williams
CLERK OF COURT
MARLBORO COUNTY

27

k.  In failing to provide necessary, appropriate and proper medical and mental health care to the inmates;

l.  In failing to punish and correct instances of weapons possession after an inmate is apprehended with or uses a weapon;

m.  In failing to discipline its correctional officers for violations of SCDC policies and procedures;

n.  In negligently supervising its employees by failing to provide proper training in investigating, searching for and preventing inmates from obtaining and possessing dangerous weapons:

o.  In committing acts and/or omissions where Defendants knew or should have known that such acts and/or omissions would allow or facilitate inmate on inmate attacks, beatings, stabbings and robbery of other inmates;

p.  In failing to properly investigate the complicity of correctional officers and/or their participation in a culture that allows certain individuals (inmates) to be targeted and harmed;

q.  In allowing, without punishment, violent acts to occur in the correctional institution thereby creating a culture of violence;

r.  In allowing, after notification, robberies, beatings, stabbings, possession of contraband weapons, and other violations to occur by "turning a blind eye" to such violations and failing to take corrective actions to prevent such violations;

s.  In preparing weekly, monthly, quarterly, and/or yearly reports which detail incidents of violence, such as, but not limited to, robberies, beatings, stabbings, possession of contraband weapons, and other such violations, which show the need for corrective actions and not taking the appropriate corrective actions;

t.  In failing to prosecute all violations of the law in reference to the treatment of convicts as mandated by South Carolina law;

u.  In such other particulars as the evidence at trial will show.

272.  In committing the acts and omissions as set forth in the facts hereinabove, Defendant Warden Eagleton, Defendant Associate Warden Sellers, and any named Defendant correctional officers acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of South Carolina, including, but not limited to: 1) due process of law and 2) the right to be free from cruel and unusual punishment.

28

273. In violating Plaintiffs' rights as set forth in the facts above and other rights, Defendants caused Plaintiffs to suffer actual, consequential, and special damages as alleged in this Complaint and Plaintiffs are entitled to relief under 42 U.S.C. Section 1983. Plaintiffs are also entitled to punitive damages herein.

## FOR A THIRD CAUSE OF ACTION

**(Violation of Civil Rights and 42 USC Section 1983; Failure to Implement Appropriate Policies, Customs, and Practices against Defendant Warden Eagleton and Defendant Associate Warden Sellers - being a separate cause of action for each named Plaintiff and each incident set forth herein above)**

274. Plaintiffs reiterate all the allegations contained above in paragraphs pertaining to the referenced Defendants above as if repeated herein verbatim.

275. Defendant Warden Eagleton as warden of Evans Correctional Institution and Associate Warden Sellers as associate warden of Evans Correctional Institution implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, including, among other things, of failing to prevent inmates from obtaining and possessing dangerous weapons.

276. The failure of Defendants to adequately train and supervise its employees amounts to a deliberate indifference to the rights of Plaintiffs to be free from the threat to their lives under the Amendments to the Constitution of the United States.

277. In committing the acts complained of herein, Defendants acted under color of state law to deprive the Plaintiffs of certain constitutionally protected rights.

278. In violating Plaintiffs' rights as set forth above and other rights, Defendants caused Plaintiffs to suffer actual, consequential and special damages as alleged in this Complaint and Plaintiffs are entitled to relief under 42 U.S.C. Section 1983. Plaintiffs are also entitled to punitive damages herein.

## FOR A FOURTH CAUSE OF ACTION

**(42 U.S.C. Section 1983 – Excessive Force in Violation of the Fourth, Fifth, Seventh and Fourteenth Amendments to the United States Constitution – as to Defendant Correctional Officer Parker, Defendant Correctional Officer Lt. Miller, and Defendant Correctional Officer Corporeal Murphy – as to Plaintiff David Warrick)**

279. Plaintiffs reiterate each and every allegation contained herein as fully of if repeated herein verbatim.

280. Defendants Correctional Officer Parker, Correctional Officer Lt. Miller, and Correctional Officer Corporeal Murphy, were, at all times relevant hereto acting under the color of state law individually and/or in their capacity as correctional officers with the South Carolina Department of Corrections and their acts and omissions were conducted within the scope of their official duties or employment.

29

281.    At the time of the complained of events, Plaintiff Warrick had the clearly established Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive force by law enforcement.

282.    The right to be free from excessive force by law enforcement was known or should have been known to the Defendants Correctional Officer Parker, Correctional Officer Lt. Miller, and Correctional Officer Corporeal Murphy at the time of the incident.

283.    Defendants Correctional Officer Parker, Correctional Officer Lt. Miller, and Correctional Officer Corporeal Murphy's actions and use of force was unreasonable in light of the facts and circumstances at the time, and their actions were malicious and/or involved reckless, callous and deliberate indifference to the Plaintiff Warrick's federally protected rights and were intended to intimidate and threaten Plaintiff Thomas.

284.    Defendants Correctional Officer Parker, Correctional Officer Lt. Miller, and Correctional Officer Corporeal Murphy are not entitled to qualified immunity for the complained of conduct.

285.    As a proximate result of the Defendants Correctional Officer Parker, Correctional Officer Lt. Miller, and Correctional Officer Corporeal Murphy's unlawful conduct, Plaintiff Warrick has suffered and continues to suffer physical and emotional injuries and other damages in amounts to be determined at trial.

286.    In addition to compensatory, consequential and special damages, Plaintiff Warrick is entitled to attorney fees and costs pursuant to 42 U.S. C. Section 1988 and also punitive damages against each of the individually named Defendants Correctional Officer Parker, Correctional Officer Lt. Miller, and Correctional Officer Corporeal Murphy under 42 U.S.C. Section1983, in that the actions of the individual Defendants were malicious, willful or with a reckless and wanton disregard and deliberate indifference to the Plaintiff Thomas' constitutional rights.

### FOR A FIFTH CAUSE OF ACTION

**(42 U.S.C. Section 1983 – Excessive Force in Violation of the Fourth, Fifth, Seventh and Fourteenth Amendments to the United States Constitution – as to Defendant Correctional Officer Lieutenant Miles, Defendant Correctional Officer Davis, and Defendant Correctional Officer Staton – as to Plaintiff Matthew Franks Thomas)**

287.    Plaintiffs reiterate each and every allegation contained herein as fully of if repeated herein verbatim.

288.    Defendants Correctional Officer Lieutenant Miles, Correctional Officer Davis, and Correctional Officer Staton, were, at all times relevant hereto acting under the color of state law individually and/or in their capacity as correctional officers with the South Carolina

Department of Corrections and their acts and omissions were conducted within the scope of their official duties or employment.

289.    At the time of the complained of events, Plaintiff Thomas had the clearly established Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive force by law enforcement.

290.    The right to be free from excessive force by law enforcement was known or should have been known to the Defendants Correctional Officer Lieutenant Miles, Correctional Officer Davis, and Correctional Officer Staton at the time of the incident.

291.    Defendants Correctional Officer Lieutenant Miles, Correctional Officer Davis, and Correctional Officer Staton's actions and use of force was unreasonable in light of the facts and circumstances at the time, and their actions were malicious and/or involved reckless, callous and deliberate indifference to the Plaintiff Thomas' federally protected rights and were intended to intimidate and threaten Plaintiff Thomas.

292.    Defendants Correctional Officer Lieutenant Miles, Correctional Officer Davis, and Correctional Officer Staton are not entitled to qualified immunity for the complained of conduct.

293.    As a proximate result of the Defendants Correctional Officer Lieutenant Miles, Correctional Officer Davis, and Correctional Officer Staton's unlawful conduct, Plaintiff Thomas has suffered and continues to suffer physical and emotional injuries and other damages in amounts to be determined at trial.

294.    In addition to compensatory, consequential and special damages, Plaintiff Thomas is entitled to attorney fees and costs pursuant to 42 U.S. C. Section 1988 and also punitive damages against each of the individually named Defendants Correctional Officer Lieutenant Miles, Correctional Officer Davis, and Correctional Officer Staton under 42 U.S.C. Section 1983, in that the actions of the individual Defendants were malicious, willful or with a reckless and wanton disregard and deliberate indifference to the Plaintiff Thomas' constitutional rights.

### FOR A SIXTH CAUSE OF ACTION

**(Violation of Tort Claims Act of South Carolina, S.C Code Section 15-78-10** *et. seq*;
**General Allegations against Defendant SCDC – being a separate cause of action for each named Plaintiff and each incident set forth herein above).**

295.    Plaintiffs reiterate all the allegations contained above in paragraphs pertaining to the referenced Defendants above as if repeated herein verbatim.

296.    Defendant SCDC is liable for the acts of its employees, as they were acting within the course and scope of their official duties pursuant to South Carolina Code Ann. Section 15-78-10, *et. seq*. Defendants SCDC, Warden Eagleton, Associate Warden Sellers, and other

employees acted in a negligent, grossly negligent, reckless, willful and wanton manner in causing injury to the Plaintiffs in the following particulars:

    a.  In allowing uncontrolled violence in the correctional institution;

    b.  In failing to provide protection and security for the Plaintiff;

    c.  In failing to properly train officers to respond to attacks such as occurred to the Plaintiff;

    d.  In failing to have a sufficient number of trained correctional officers to adequately respond to incidents such as what occurred to Plaintiff;

    e.  In employing employees who were contributory to the violence in the prison;

    f.  In failing to comply with SCDC policies and procedures regarding correctional officers remaining on their assigned wings until relieved by another correctional officer, and by allowing the said violation to occur without taking corrective action and without punishment to any correctional officer who violates the same;

    g.  In allowing inmate to have dangerous weapons;

    h.  In failing to conduct sufficient and appropriate inspections of the dorms to prevent inmates from obtaining weapons;

    i.  In violating the separation policy by housing the inmates who have had prior problems in the same institutions and/or dorms and/or wings;

    j.  In violating the classification policy by placing the inmates who are not properly classified in the same room (cell), dorm or wing;

    k.  In failing to provide necessary, appropriate and proper medical and mental health care to the inmates;

    l.  In failing to punish and correct instances of weapons possession after an inmate is apprehended with or uses a weapon;

    m. In failing to discipline its correctional officers for violations of SCDC policies and procedures;

    n.  In negligently supervising its employees by failing to provide proper training in investigating, searching for and preventing inmates from obtaining and possessing dangerous weapons:

    o.  In committing acts and/or omissions where Defendants knew or should have known that such acts and/or omissions would allow or facilitate inmate on inmate attacks, beatings, stabbings and robbery of other inmates;

A CERTIFIED TRUE COPY

Anita M. _____

32

p.  In failing to properly investigate the complicity of correctional officers and/or their participation in a culture that allows certain individuals (inmates) to be targeted and harmed;

q.  In allowing, without punishment, violent acts to occur in the correctional institution thereby creating a culture of violence;

r.  In allowing, after notification, robberies, beatings, stabbings, possession of contraband weapons, and other violations to occur by "turning a blind eye" to such violations and failing to take corrective actions to prevent such violations;

s.  In preparing weekly, monthly, quarterly, and/or yearly reports which detail incidents of violence, such as, but not limited to, robberies, beatings, stabbings, possession of contraband weapons, and other such violations, which show the need for corrective actions and not taking the appropriate corrective actions;

t.  In failing to prosecute all violations of the law in reference to the treatment of convicts as mandated by South Carolina law;

u.  In such other particulars as the evidence at trial will show.

297.  As a direct and proximate result of the grossly negligent and reckless acts of the Defendants, Plaintiffs were injured and damaged in actual and consequential damages.

## FOR A SEVENTH CAUSE OF ACTION

**(Assault and Battery – as to Defendant Correctional Officer Parker, Defendant Correctional Officer Lt. Miller, and Defendant Correctional Officer Corporeal Murphy – as to Plaintiff David Warrick)**

298.  Plaintiff reiterates each and every allegation contained herein as fully of if repeated herein verbatim.

299.  Defendant Correctional Officer Parker, Defendant Correctional Officer Lt. Miller, and Defendant Correctional Officer Corporeal Murphy, in violation of South Carolina Code § 16-3-600, assaulted and battered Plaintiff Warrick by intentionally and causing him great bodily injury.

300.  Defendant Correctional Officer Parker, Defendant Correctional Officer, Lt. Miller, and Defendant Correctional Officer Corporeal Murphy assaulted Plaintiff Warrick's person and as a direct and proximate result, Plaintiff Warrick has been injured and damaged in actual, consequential, and other damages.

### FOR AN EIGHTH CAUSE OF ACTION

**(Assault and Battery – as to Defendant Correctional Officer Lieutenant Miles, Defendant Correctional Officer Davis, and Defendant Correctional Officer Staton – as to Plaintiff Matthew Franks Thomas)**

301.    Plaintiff reiterates each and every allegation contained herein as fully of if repeated herein verbatim.

302.    Defendant Correctional Officer Lieutenant Miles, Defendant Correctional Officer Davis, and Defendant Correctional Officer Staton, in violation of South Carolina Code § 16-3-600, assaulted and battered Plaintiff Thomas by intentionally and causing him great bodily injury.

303.    Defendant Correctional Officer Lieutenant Miles, Defendant Correctional Officer Davis, and Defendant Correctional Officer Staton assaulted Plaintiff Thomas' person and as a direct and proximate result, Plaintiff Thomas has been injured and damaged in actual, consequential, and other damages.

### DAMAGES

304.    As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Plaintiffs suffered injuries including, but not limited to:

a.    bodily injury;

b.    past, present and future pain and suffering;

c.    mental pain and anguish.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for this Court to enter an Order granting:

(a)    Temporary and permanent injunctive relief as deemed appropriate and necessary by this Court

(b)    Attorney fees and costs associated with the injunctive relief action;

AND:

WHEREFORE, Plaintiffs pray for judgment against each of the Defendants:

A.    for actual and consequential damages, including damages for emotional distress, pain and suffering, in an amount to be determined at trial;



34

B.  special damages in an amount to be determined at trial;

C.  punitive damages, except as to Defendant SCDC;

D.  attorney fees and costs associated with this action under 42 U.S.C. 1983;

E.  such other and further relief as this Court deems just and proper.


Dated this   day of October, 2017 in Georgetown, South Carolina.

J. Edward Bell, III
Victoria S. H. Knight
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com
ATTORNEYS FOR PLAINTIFFS



A CERTIFIED TRUE COPY
ANITA M. LEMS
CLERK OF COURT
MARLBORO COUNTY, S.C.

CLERK OF COURT
MARLBORO COUNTY

FILED
2017 NOV 1 AM 11 05

35