IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Warrick; Jarvis Jeter; Kevin Micheal Anderson; Kewayne Lee; Curtis Scott; Anthony Glenn; Matthew Franks Thomas; and Christopher Montgomery,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>South Carolina Department of Corrections; Warden Willie Eagleton, *individually and/or in his official capacity as warden of Evans Correctional Institution*; and Associate Warden Annie Sellers, *individually and/or in her official capacity as associate warden of Evans Correctional Institution*; Major Charles West, *SCDC Correctional Officer, individually and/or in his official capacity as an employee of SCDC*,<br><br>　　　　　　　　　　Defendants. | C/A No. 0:17-3326-MGL-PJG<br><br>**ORDER** |

　　　　The plaintiffs, who are all current or former state prisoners at the South Carolina Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights, as well as asserting various state law claims.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for pretrial proceedings.

　　　　On May 31, 2018, the court held a status conference in this matter at which time it held in abeyance the defendants' motion to sever (ECF No. 25) pending resolution of the defendants' motion for summary judgment on the issue of exhaustion of administrative remedies.  (See Minute Entry, ECF No. 32.)  By Order issued February 19, 2019, the court granted in part and denied in part the

---

[1] The defendants removed this matter from the Marlboro County Court of Common Pleas.

Page 1 of 5



defendants' motion for summary judgment. (ECF No. 73.) As a result, seven plaintiffs remain in this action, as captioned above. The court now turns to the defendants' motion to sever, which has been fully briefed by the parties. (See ECF Nos. 25, 26, & 27.)

The defendants seek to sever the claims and causes of action asserted by each separate plaintiff. Rule 20 governs permissive joinder of parties and provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." Aleman v. Chugach Support Servs. Inc., 485 F.3d 206, n.5 (4th Cir. 2007). Additionally, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Rule 21 provides that a court may "sever any claim against a party." Fed. R. Civ. P. 21. "Under Rule 21, 'a court has virtually unfettered discretion in determining whether or not severance is appropriate.'" Grayson Consulting, Inc. v. Cathcart, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (quoting 17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)). The court should consider the following factors in determining whether severance is proper: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not

severed." Grayson, 2014 WL 1512029, at *2 (quoting Equal Rights Ctr. v. Equity Residential, 483 F. Supp. 2d 482, 489 (D. Md. 2007)).

Weighing the applicable factors, the court finds that at this time, the plaintiffs have made a sufficient showing that their claims arise out of a series of transactions or occurrences by the defendants and have alleged common questions of law or fact with regard to claims against the defendants. Specifically, the plaintiffs have alleged that, although their alleged assaults occurred at different times and in different factual settings, the claims against the defendants arise from the same set of alleged improper actions by the named defendants.

The court is aware that several other judges in this district have severed the plaintiffs' claims in cases presenting similar scenarios to the one here and finds no fault with their exercise of the substantial discretion afforded them by the rules. However, the court views the plaintiffs' claims differently: those orders focused on the specific incidents where a prison guard allegedly was deliberately indifferent to a plaintiff's safety, which all occurred on different days at different times with different guards. However, while the claims in the complaints filed in this case have evolved since it was initially removed, it appears that the claims the plaintiffs are seeking to raise are supervisory ones, requiring a distinct set of elements and proof from the claims that would have been raised against the guards themselves. Here, the plaintiffs—who are suing only the warden, assistant warden, and a guard with alleged supervisory responsibilities over security—would have to show (1) that the supervisory official was actually or constructively aware of a risk of constitutional injury, (2) that the official was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (quoting Shaw v. Stroud, 13 F.3d 791,

PJG

799 (4th Cir. 1994)). The court concludes that these *supervisory* claims arise out of the same transactions or occurrences or series thereof, raising many common questions of law and fact regarding administrators' knowledge and actions or inactions pertaining to inmate safety.

Thus, the court does not find the plaintiffs are misjoined at this time. Moreover, applying the factors regarding severance, the court currently perceives sufficient overlap of issues and witnesses with respect to the federal claims to maintain this action as one action, assuming that discovery is properly directed at those supervisory claims.² The prejudice factors also appears to weigh in favor of denying the defendants' motion to sever at this stage of the litigation, as severing the plaintiffs' claims at this stage could impede their ability to obtain meaningful discovery supporting their theory of the case. But, depending on what discovery yields, the court anticipates that the prejudice analysis may conceivably shift in favor of the defendants with respect to trying the claims before a jury. The court therefore expressly reserves ruling on whether the plaintiffs' claims should be severed for trial.³ Cf. Kough v. South Carolina Dep't of Corrs., C/A No. 0:17-2938-JFA-

---

² Because there is no *respondeat superior* liability under § 1983, the guards' actions would not be a proper focus of discovery; rather, the relevant evidence to the federal claims brought here would pertain to the named defendants' knowledge and action or inaction with regard to the safety of the remaining plaintiffs at this facility. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).

³ Of course, the court could alternatively sever the plaintiffs' claims but consolidate them for discovery and motions, but such a procedure would appear to present no meaningful distinction to the current posture of leaving the claims joined for now. Cf. Stephens v. S.C. Dep't of Corrs., C/A No. 4:17-3482-JFA-TER (D.S.C. Sept. 28, 2018) (Order, ECF No. 30 at 6).



PJG (D.S.C.) (Order Denying without Prejudice Motion to Sever (filed Mar. 7, 2018 at ECF No. 37); Renewed Motion to Sever (filed Apr. 12, 2019 at ECF No. 81)).

Based on the foregoing, the defendants' motion to sever is denied at this time.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 6, 2019
Columbia, South Carolina