**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON BARTLETTE, *et.al*<br>and GARCIA WILSON,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>CORRECTIONS; WARDEN WILLIE<br>EAGLETON, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: ____________________<br><br>(This Case Number Relates To Two Actions Pending In The U.S. District Court, District of South Carolina, Florence Division, as C/A No.: 1:18-cv-00050-RMG-SVH and Charleston Division, as C/A No.: 2:17-cv-3031-RMG-MGB) |

**MOTION TO QUASH SUBPOENAS TO NON-PARTY THOMAS ROTH OR, IN THE ALTERNATIVE, FOR MODIFICATION AND PROTECTIVE ORDER**

Pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii) & (iv), and in the alternative Fed.R.Civ.P. 45 (d)(3)(B)(i) & (ii), movant Thomas Roth moves to quash the subpoena served on him by plaintiffs Brandon Bartlette and Garcia Wilson in two separate cases pending in the United States District Court for the District of South Carolina. Mr. Roth is not a party to either action. Mr. Roth resides in Plainfield, Illinois. Because the Northern District of Illinois is the district where compliance with the subpoenas is required, it is also the forum in which a motion to quash those subpoenas must be filed. *See* Fed.R.Civ.P. 45(c), (d)(3), and (f).

## I. RELEVANT FACTUAL BACKGROUND[1]

On July 29, 2019, Mr. Roth received copies of two subpoenas that purport to require him to provide testimony and produce documents at his home on September 30, 2019 for two lawsuits pending in South Carolina. Copies of those subpoenas, the list of documents requested and the Notice of Deposition are submitted herewith as group Exhibit A to the declaration submitted

[1] The facts stated in this motion are verified by the sworn declaration submitted herewith.

herewith. Mr. Roth is not a party to those lawsuits, has never seen the allegations or claims involved, and was never retained to investigate or consult concerning those claims. Mr. Roth is retired and not a retained testifying expert in either lawsuit.

In 2017, pursuant to a consulting agreement with the South Carolina Department of Corrections ("SCDC"), Mr. Roth provided consulting expert services and conducted a staffing analysis for 13 institutions at $180 per hour. An unsigned copy of the Consulting Agreement is attached as Exhibit B to the declaration submitted herewith. Mr. Roth agreed to provide the services under an agreement requiring strict confidentiality that also required him to turn over to SCDC all of SCDC's properties of every kind and nature, together with pertinent correspondence when his work was done. The agreement expressly required that Mr. Roth not retain copies and that Mr. Roth notify SCDC of all requests for information covered by the agreement. The agreement provides that Mr. Roth shall be liable for any disclosure by him of the confidential information.

The subpoenas each fail to comply with Fed.R.Civ.P. 45(b)(1) as no fee was tendered. Additionally, the subpoenas seek testimony and documents protected by the confidentiality provisions which would disclose confidential research and information and disclose Mr. Roth's opinions or information that does not describe specific occurrences in dispute and the results from his expert study that was not requested by party to the lawsuit.

The documents requested in the subpoena are all duplicative of documents that can easily be obtained from SCDC, a party to the lawsuit. They are:

a) a copy of your current curriculums vitae or resume;

b) a copy of your report on the security staffing assessment for the South Carolina Department of Corrections from March 2018;

c) copies of all materials used in the preparation of your report;

d) copies of any and all correspondence, emails or other items in your possession related to your work on the report;

e) copies of all billing records in relation to your work on the report;

f) copies of any retention agreements with the South Carolina Department of Corrections; and

g) copies of any correspondence with any SCDC counsel or employees.

Each of the documents requested is duplicative of what is available from SCDC, Mr. Roth has no physical copies of any requested documents. It is also clear from the documents requested that Plaintiffs in the South Carolina lawsuits are improperly attempting to obtain free expert opinions from an undisclosed consulting expert.

## II. ARGUMENT

The subpoenas to Mr. Roth from the South Carolina lawsuits must be quashed. Failure to provide the required fees is a violation of Federal Rule of Civil Procedure 45(b)(1) and a sufficient basis to quash a subpoena. *See, Rotter v. Cambex Corp.*, No. 93 C 4137, 1995 U. S. Dist. LEXIS 8561 at *4 (N.D. Ill. June 19, 1995). Additionally, pursuant to Fed.R.Civ.P. 45(d)(3)(A) a court must quash or modify a subpoena to a non-party that "requires disclosure of privileged or other protected matter" or that "subjects a person to undue burden." *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). A subpoena may also be quashed or limited "when 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or when the burden of the proposed discovery outweighs its likely benefit." *Ameritox, Ltd. v. Millenium Laboratories, Inc.*, 2012 WL 6568226, at *2 (N.D. Ill. Dec. 14, 2012) (citing Fed.R.Civ.P. 26(b)(2)(C)).

Here, each subpoena calls for protected, confidential documents. They are cumulative and duplicative of the documents SCDC has and are easily available from SCDC with more

convenience, less burden and less expense. Mr. Roth is retired and the burden upon him arising out of the subpoenas outweighs the likely benefit of obtaining cumulative and duplicative documents. Mr. Roth believes that Plaintiffs already have the documents requested in the list and Plaintiffs have never claimed otherwise. Moreover, Mr. Roth agreed to provide the services under an agreement requiring strict confidentiality and also requiring him not to retain SCDC's properties of every kind and nature, together with pertinent correspondence when his work was done. (Ex. C, paras. 7, 9 &10) The agreement makes Mr. Roth liable for any direct or indirect disclosure of confidential information. The only requested documents has now are electronic copies of: his resume, the unsigned copy of the Consulting Agreement attached to the declaration submitted herewith, (billing invoices), the report and electronic communications with SCDC. Each of these is a duplicate of what SCDC already has and presumably produced to Plaintiffs if relevant.

As a non-party, Mr. Roth is entitled to greater protection against the potential abuse of the discovery process than are parties to litigation. *See Thayer v. Chiczewski*, 257 F.R.D. 466, 469 (N.D. Ill. 2009). Requiring Mr. Roth to comply with the subpoena and produce duplicate documents easily obtainable from SCDC would place an undue burden on Mr. Roth.

Pursuant to Fed.R.Civ.P. 45(d)(3)(B) a court may also quash or modify a subpoena to a non-party that requires disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. Mr. Roth has no opinions or information that describe the specific occurrence in dispute. He was never retained to investigate or consult with respect to any specific occurrence. Instead, Mr. Roth merely performed his on-site general analysis of certain institutions in 2017. Furthermore, the only study requested by a party was the staffing analysis SCDC requested in 2017, which is available from SCDC and apparently has been obtained by Plaintiffs. Under Rule

45(d)(3)(B), Plaintiffs cannot obtain Mr. Roth's opinions opinion or information on anything else. Finally, pursuant to Fed.R.Civ.P. 45(d)(3)(C) this Court may require that Plaintiffs show a substantial need for Mr. Roth's testimony that cannot be otherwise met without undue hardship and ensure that Mr. Roth will be reasonably compensated. This Court should quash the subpoenas as stated above, but at a minimum should require Plaintiffs to show a substantial need for Mr. Roth's testimony that cannot be otherwise met without undue hardship and ensure that Mr. Roth will be reasonably compensated.

## III. CONCLUSION

For the reasons set forth above, Mr. Roth respectfully requests this Honorable Court, pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii) & (iv), or Fed.R.Civ.P. 45(d)(3)(B)(ii) & (iii), enter an order quashing the subpoenas issued by Plaintiffs and served on Mr. Roth, and for such other and further relief as this Court may deem just.

Dated: August 14, 2019

Respectfully submitted,

*/s/ Robert A. Roth*

Robert A. Roth (#6200416)
REED SMITH LLP
10 S. Wacker Drive, Suite 4000
Chicago, Illinois 60606
(312) 207-1000 – Telephone
(312) 207-6400 - Facsimile
rroth@reedsmith.com

Attorney for Thomas Roth

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on August 14, 2019, he caused a copy of the foregoing **Motion To Quash Subpoenas To Non-Party Thomas Roth Or, In The Alternative, For Modification And Protective Order** to be filed electronically with the Clerk of Court through ECF, and below attorney will send notice of the electronic filing to the below attorneys via e-mail and U.S. Mail, first class postage prepaid:

Gabrielle Sulpizio
Bell Legal Group
219 Ridge Street
Georgetown, SC 29440
gsulpizio@edbelllaw.com

Attorney for Brandon Bartlette

Greg Galvin
Galvin Law Group
P.O. Box 887
Bluffton, SC 29910
ggalvin@galvinlawgroup.com

Attorney for Garcia Wilson

/s/ *Robert A. Roth*